## Gensimore's Estate.

*Wills—Construction—Intention—Revocation—Sale of land devised—Ineffectual conveyance—Effect on prior will.*

1. When a testator conveys away absolutely land that he has previously devised, the devise is thereby revoked on the presumption of law that the testator changed his intention. Even though ineffectual to vest the property, an attempted conveyance produces a revocation of the devise.

2. A testator left two wills, the earlier containing the bequest: "I give and devise to my daughters," naming them, "an equal share of all the money derived from estate after expenses are paid," and appointing an executor. In the later will, the following bequest was made: "I give and bequeath to my daughter, Mary M., all my personal property, excepting a gold watch and chain. Also one gun." No executor was named by the latter will. Subsequent to the making of the first will and prior to the execution of the second, the testator contracted verbally to sell his farm, the only real estate which he owned, and prior to his death executed and acknowledged a deed to the grantee for the premises and placed it in escrow to be delivered on payment of the purchase-money. The register admitted both instruments to probate as together constituting the will of the testator and issued letters testamentary, in accordance with the appointment contained in the earlier will. *Held,* on appeal, that the court did not err in directing the latter instrument to be admitted to probate and in revoking the letters testamentary granted upon the earlier instrument.

Argued April 21, 1914. Appeal, No. 35, Jan. T., 1914, by David Funk, executor, from decree of O. C. Huntingdon Co., Jan. T., 1914, No. 13, reversing decree of Register of Wills in Estate of George W. Gensimore, deceased. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZSIKER, JJ. Affirmed.

Appeal from a decree of register of wills admitting to probate the will of George W. Gensimore, deceased. Before WOODS, P. J.

The opinion of the Supreme Court states the case.

The court entered a decree reversing the action of the register of wills in admitting two papers to probate as the last will and testament of George W. Gensimore, and directed that the later of the two instruments only should be admitted to probate and that letters testamentary granted under the earlier instrument to David Funk, as executor, should be revoked. David Funk appealed.

*Error assigned,* among others, was the decree of the court.

*R. A. Henderson,* with him *W. L. Hicks, James S. Woods* and *H. L. Henderson,* for appellant.

*H. H. Waite,* with him *R. W. Williamson,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 1, 1914:

The testator left two wills, both executed in entire accordance with legal requirements, one on 25th January, 1909, the other on 27th November, 1912. He died 10th December, 1912. The register admitted both to probate as together constituting one last will and testament, and issued letters testamentary in accordance with the appointment contained in the earlier, the latter making no appointment. One of testator's daughters appealed, her contention being that the later will revoked the earlier. Her appeal was sustained, and from the decree of the court directing that the later instrument be admitted to probate as the last will and testament, and the letters testamentary granted under the earlier instrument be revoked, this appeal has been taken.

The earlier will contained the following bequest, "I give to my daughters, Caroline Nearhoff, Emma Lower and Mary Kogan, an equal share of all the money derived from estate after expenses are paid." This direction followed, "I hereby appoint David Funk of Warrior's Mark executor to settle my estate; to sell the real and personal, either private or at public sale." In the later will the following bequest is made, "I give and bequeath to my daughter, Mary M., all my personal property, excepting a gold watch and chain. Also one gun." We have quoted so much of each will as is necessary to an understanding of the controversy. It will be seen that by the earlier will to the three daughters named is given practically the entire estate, real and personal, and that by the later the entire personal estate is given to one of the daughters, here the appellee. Ex-

cept as the earlier is to be regarded as part of the testator's last will and testament he died intestate as to any real estate he may have then owned.   That he was the owner of a farm when the earlier will was made is conceded.   That will disposes of it, directs that it be sold and gives the proceeds to his three daughters.   If he continued to own this farm when he executed the later will, it would hardly be contended that the later will disposing of personalty only and appointing no executor was intended to be a revocation of the earlier, for there would then be no incompatibility, and no reason therefore why both could not stand together.   This brings us to the real controversy in the case.   On the trial of the issue evidence was offered to the effect that testator subsequent to the making of the earlier will, about 12th April, 1910, through an agent, not constituted such by writing, contracted verbally to sell his farm to M. J. Smith, his tenant then in possession for the sum of $5,050 dollars;   that Smith had paid $10 on the agreement for which a receipt had been given, and that testator in recognition and ratification of the contract sometime before his death executed and acknowledged a deed to Smith for the premises which he placed in escrow to be delivered to Smith on payment of the purchase-money.   Further evidence was offered to show the extent and value of improvement Smith had made subsequent to the alleged contract of sale.   Smith had not paid any part of the purchase-money before testator's death, and consequently the deed was never delivered to him.

The bearing of this transaction on the question now for our consideration in no wise depends on its sufficiency in law to constitute a valid and enforceable contract of sale of land, and therefore that is not a question to be considered.   Revocation is entirely a matter of intention, and such intention can be indicated in no more certain way than by a testator alienating the property he had previously made the subject of testamentary disposition.   "When a testator conveys away absolutely

land that he had previously devised, the devise is thereby revoked on the presumption of law that the testator had changed his intention," Marshall v. Marshall, 11 Pa. 430. A change of intention is just as clearly shown where the instrument purporting to be a conveyance is incapable of taking effect, the attempted act of conveyance being inconsistent with the testamentary disposition. In such case, even though ineffectual to vest the property, it produces a revocation of the devise, Jarman on Wills, Vol. I, p. 329. That this is a recognized rule in this State is put beyond question by a number of our cases. In Skerrett v. Burd, 1 Whart. 246, it is said, "If a man makes a will devising land, and after execute a feoffment to his own use, it is a revocation of the will, notwithstanding it is in point of law the old use, and will descend ex parte paterna or materna as before. So a feoffment without livery, a bargain and sale not enrolled, or any other imperfect conveyance will be a revocation, because it imports an intention of altering the condition of the estate." Again, in McTaggart v. Thompson, 14 Pa. 149, it is said, "It is a rule of law too firmly settled to be now shaken, that when an estate has been altered, or new modelled since the execution of the will, it is a revocation, on the legal presumption that such was the intention. Nay, the direction has been carried to such an extent as that not only conveyances or contracts to convey, but inoperative conveyances will amount to a revocation of a devise, to the extent of the property intended to be affected, if there be evidence of an intention to convey, and thereby revoke the will." Though what was done by the testator in the present case may have been ineffectual to vest ownership of the farm in Smith, yet it evinces in an unmistakable way an intention to revoke the testamentary disposition he had previously made of it. So much then of the earlier will having certainly been revoked, with the real estate eliminated, what was left for it to operate upon? Nothing that was not disposed of in the later. Our con-

clusion therefore is that the earlier will 'was entirely re-voked.. We decide nothing with respect to the status in which the later will, which under the ruling is testator's last will and testament, leaves his estate. With that we have no present concern; sufficient unto the day. For the reasons we have stated, the decree of the court below is affirmed and the appeal is dismissed, the costs to be paid out of the estate.