LEE ET AL *v.* BLEWETT, ET AL.

[77 South. 147, Division A.]

WILLS. *Marriage. Revocation.*

The reason upon which the rule of the common law that a will made by a *feme sole* was revoked by her subsequent marriage

was based, was that marriage destroyed the ambulatory nature of the will and left it no longer subject to the wife's control, but since our statutes removing the disabilities of coverture, beginning with chapter 496, page 725, Laws 1866-67, having conferred full testamentary capacity upon married women, the reason of the rule has ceased, and consequently so has the rule itself.

APPEAL from the chancery court of Londes county. HON. ALBERT Y. WOODWARD, Chancellor.

Suit by Means Blewett and others against Blewett Lee and others. From a decree for complainants, defendants appeal.

The facts are fully stated in the opinion of the court.

*Sturdivant, Owen & Garnett* and *R. V. Fletcher,* for appellant.

*Granade & Granade,* for appellees.

SMITH, C. J., delivered the opinion of the court.

In October, 1869, Mary B. Wooldridge made the will here in question. In 1875 she married Abram Nave, from whom she was divorced in 1883, and in 1889 she married R. L. Portwood, whom she survived. She died in May, 1915, without issue. The will made by her in 1869 was, after her death, probated in common form before the clerk of the court below in vacation. Afterwards appellees, who are heirs at law of the testatrix, exhibited their bill against appellants, who are beneficiaries under the will, setting forth the foregoing facts, and alleging that the will had been revoked by the marriages of the testatrix entered into by her subsequent to the execution thereof, and praying that the act of the clerk in admitting it to probate be set aside and held for naught. A demurrer to the bill was interposed by appellants, and overruled by the court,

whereupon they filed an answer; but, no issue of facts being raised thereby, the cause was set down on bill and answer, and resulted in a decree in accordance with the prayer of the bill.

The sole question presented to us ·is: Was the will revoked by the subsequent marriages of the testatrix? The reason upon which the rule of the common law that a will made by a *feme sole* is revoked by her subsequent marriage is based is that marriage destroys the ambulatory nature of the will and leaves it no longer subject to the wife's control. *Garrett* v. *Dabney,* 27 Miss. 335. But since our statutes removing the disabilities of coverture, beginning with chapter 496, p. 725, Laws of 1866-67, enacted prior to the execution of the will here in question, have conferred full testamentary capacity upon married women, the reason for the rule has ceased, and consequently so has the rule itself. *"Cessante ratione legis, cessat ipsa lex."* 40 Cyc. 1203; 30 Amer. & Eng. Enc. (2d Ed.) 648. From which it follows that Mrs. Portwood's will was, not revoked by the marriages entered into by her subsequent to its execution..

*Reversed, and bill dismissed.*