CAINE ET AL. v. BARNWELL.

[82 South. 65, Division B. No. 20698.]

1. WILLS. *Implied revocation.*

Notwithstanding our statute, section 5079, Code 1906 (Hemingway's Code, section 3367,) expressly providing how a devise may be revoked, the doctrine of implied revocation, at least to some extent, has always been recognized in Mississippi.

2. SAME.

Admitting the doctrine of implied revocation as still existing in this state, notwithstanding our statute, yet to give a deed or other conveyance such operation, it has long been settled, that there must be a subsequent conveyance of the whole estate.

3. SAME. .

The doctrine of implied revocation proceeds only upon the principle of presumed intention and such presumption may be rebutted by circumstances.

4. SAME.

If the inconsistency, between the will and the deed subsequently made, be merely partial, the revocation will not extend beyond such inconsistency; because the law will presume the testator intended only a revocation *pro tanto* and not *in toto.*

5. SAME.

No change in the intention of the testator can be presumed either as to the object of his bounty, or the subject of his gift, from the subsequent conveyance of a part of the same property to the same donee or grantee by the testator. In such case the subsequent deed must be regarded as affecting the disposition of the will only *pro tanto.*

6. WILLS. *Implied revocation by conveyance. General rules.*
    The general rule is that a conveyance of an estate or interest
    therein previously devised or bequeathed is deemed a revocation
    thereof if so expressed in the conveyance and, whether or not
    so expressed, it will act as a revocation if the provisions of the
    conveyance are totally inconsistent with the devise or bequest.
    But if the parties and the property are the same in both instru-
    ments, there is no real inconsistency.

7. HOMESTEAD. *Devise. Right of surviving husband.*
    Where a husband did not possess a separate estate at the death
    of his wife, who devised lands constituting the exempt home-
    stead of both, the husband is, under Code 1906, section 5087
    (Hemingway's Code, section 3375), entitled to an undivided
    interest in the land devised, there being no provision in the will
    for him.

8. WILLS. *Probate and revocation. Pleading.*
    Where a bill proceeding upon the idea of an implied revocation of
    a testatrix will by a subsequent deed, prayed that both the will
    and deed be cancelled and that the complainant husband be ad-
    judged the true owner of the land devised, such a case was
    triable in chancery, and there was no objection to an alternative
    prayer that if the will should be sustained, complainant be ad-
    judged the owner of an undivided interest in the lands which
    were the exempt homestead of the testatrix and complainant.

9. WILLS. *Discription of realty devised.*
    Where the caption of a will read "state of Mississippi, Jackson
    County," and the will recited that the testatrix resided at
    "Dead Lake, Jackson County, state of Mississippi," and the lands
    were definitely described according to the government survey,
    stating section, township and range. In such case the document
    as a whole sufficiently showed that the lands were situated in
    Jackson County.

APPEAL from the chancery court of Jackson county.
HON. W. M. DENNY, JR., Chancellor.

Bill by E. B. Barnwell against W. M. Caine and
others. Demurrer to bill overruled and defendant ap-
peals.

The facts are fully stated in the opinion of the
court.

*F. C. Broan,* for appellants.

At the hearing of this cause in the chancery court of Jackson county, counsel for appellants and appellees addressed themselves to the proposition of whether or not, the execution of a deed after the execution of the will, conveying the very same land to the very same parties, revoked the will.

When the court overruled this demurrer, this was the proposition to which the court addressed itself, and held that it was a revocation of the will. Certainly, a settlement of this proposition, will settle the controversy. We recognize the fact that for the purpose of this demurrer, we admit the truth of all other allegations in the bill, at least for the time being, but by this we are not not estopped from afterwards answering as to things which we propose to deny, but which in our opinion will not be necessary if this question be answered.

If this be a revocation of the will, it is by implication, because it does not conform to the statute as a revocation in fact.

If it is a revocation by implication, the inference will have to be found elsewhere than in the instrument itself, because the inference in the deed is that it is a confirmation of testator's previously expressed will. Now no one contends for a moment that testator intended that his property should go to any one else. No one contends that there is a change of intent, but simply a change of papers. In speaking of will, we are not just referring to a paper, but the intent expressed in that paper. The intent always governs. This being our theory of the case, and that theory having been adopted after a careful perusal of all authorities and text books on the subject, we then submit the following without citing authorities for there are none in point so far as we can determine.

If the ultimate aim of the law is that justice be done, then there can be no doubt as to what should be done in this instance. If it be the purpose and the policy of the courts to uphold the will of a testator, then it is not difficult to determine what was the will of this testator. We are proceeding on the theory that in the settlement of any difference of opinion by the courts, that the court first determines what is justice to the litigants, and then considers what effect the administration of justice in the particular case will have upon the public as a precedent established by the court. And we have observed that the administration of justice rarely results in the establishing of a dangerous precedent.

In this case certainly justice requires that the will be upheld and by so doing, we fail to see where injury could come in the future. We therefore submit that the demurrer should have been sustained and we ask the court to reverse the decision of the chancery court of Jackson county.

*Reed, Brandon & Bowman,* for appellants.

At the hearing of this cause on the demurrer the main contention by the appellees was that the will was revoked by the subsequent execution of the deed. In fact we understand this to be the deciding point in the case. We will address our argument chiefly thereto. After carefully considering the point and reviewing the law on the subject, we can see no force in the contention.

The law does not favor the revocation of wills. The law does favor the carrying into effect of the intention and purpose of the person making a will. Mississippi has a statute governing the revocation of wills. Section 5079, Code of 1906; sec. 3367 Hemingway's Code; we quote therefrom: "A devise so made,

or any clause thereof shall not be revocable but by the testator, or testatrix, destroying, cancelling or obliterating the same, or causing it to be done in his or her presence or by subsequent will, codicile, or declaration in writing made and executed.''

The bill of complaint does not show that there has been any revocation of the will in accordance with statute. It was not destroyed, cancelled or obliterated by the testatrix or revoked by subsequent will, codicile or declaration in writing as required by the law.

Appellee claims the revocation of the will by the execution subsequently of the deed to the land. It will be seen from the deed that it is a simple warranty deed without any word or expression therein from which it is possible to construe that the grantor intended a revocation of her will. There is nothing in the deed inconsistent with the devise in the will. The subsequent writing to amount to a revocation must disclose an intent to revoke and be inconsistent with the devise. In the present case the deed passed the same property to the same persons. The conclusion must be drawn that it was intended to confirm the will. There can certainly be no intention of revocation therefrom. We ask the court's particular consideration of the two instruments.

We have presented in this case the situation where a testatrix owned certain land which she desired to give to three nephews. Admitting, for the purpose of this consideration, the averment in the bill that the property was homestead, still it is true, she had the right and power to devise the same. *Kelly* v. *Allred*, 56 Miss. 495, 4 So. 551. She did devise the property. The bill does not contest the will as is ordinarily done under the statute. There is no claim that testatrix was mentally incapable, nor that the will was not properly executed, nor that it is not the original and true last will and testament of the deceased. It

has been properly established by probate, is of record, and is in force.

Under the law as it is now, a conveyance of property devised in a will subsequent to the execution thereof is not a revocation of the will, but is a removal of such property from the operation of the will. It amounts, as it were, to an ademption of the property. The will is thereupon ineffective to transfer same. (40 Cyc., page 1205.)

The supreme court of the state clearly recognizes the view that the conveyance by testatrix of property devised is not a revocation of the will but simply withdraws the property from the operation thereof. *Gore v. Ligon,* 105 Miss. 652, 63 So. 188, this is decided. In the opinion Judge SMITH said, (See page 662.)

We direct your attention to the text in Page on Wills, page 218. *In re Ackels Estate,* 52 New York Supp. 246, it was held that a disposal of property devised prior to death did not revoke the will, though it might operate to prevent the beneficiary enjoying the same. In *McCraine* v. *Clarke,* C. N. C. 317, it was held that a conveyance of property devised does not revoke and only amounts to an ademption thereof.

In order for a subsequent instrument to revoke a will there must be an inconsistency between the instruments. The extent of the inconsistency must measure the extent of the revocation. Schouler on Wills, page 416. This principle will apply to other writings than subsequent wills. It will be seen that there is not inconsistency between the will and the conveyance in this case. Instead of an inconsistency there is clearly shown the purpose of Mrs. Barnwell to confirm her gift by will. It is stated in Schouler on Wills, section 423, and the text is sustained by the decision in Auberts Appeal, 109 Penn. State, 447, that a will is not revoked by subsequent instrument which was intended to confirm it, as for example by a

french donation *inter vivos*, which through adding in effect no strength to the testamentary disposition, was intended to assure it.

Appellee contends that the deed in this case, though void under the allegations of his bill, and incapable of vesting the property in the grantees, is a revocation of the will, the land under averment of bill being homestead property and it being necessary under the statute (Code 1906, section 2161, Hemingway's Code, section 1836), for the husband to join the wife. We cannot see how this is possible under the law as declared by the supreme court of this state. The conveyance of the property devised is only a withdrawal of it from the operation of the will and is an ademption thereof, and the will is not effective to transfer the property only because at the time of the testator's death he does not own it. We believe that appellee's counsel got their view of the law from an ancient rule in common law on the subject of revocation, even where the deed is void. We do not see any application of that rule in this case and at this time. It is said to have obtained with some exception wherever the failure of a conveyance arose from the incapacity of the grantee or from want of some ceremony essential to the efficacy of the instrument. 29 A. & E. Ency. of Law (1 Ed.) page 16.

We have a statute on revocation in Mississippi and the supreme court of the state has clearly stated the rule as above shown. A will is ambulatory in its effect. The property therein devised is not finally transferred until the will is established by probate. So, if the testator disposed of it effectively before his death it is withdrawn from the effects of the will. In the present case the property was not disposed of by the deed under the averments of the bill of complaint. The deed, according to the claims of the appellee that it is void, is not effective for any purpose.

The property remained that of the testatrix until her death and passed by will. We have the peculiar situation here that appellee claims that there was no conveyance of the property by the deed, but that because of the execution of such instrument the will has no force.

Counsel, in the argument at the hearing of the demurrer, cited, and appeared to rely on, the case of *Wells* v. *Wells,* 35 Miss. 638, to sustain their position that a void deed can revoke a will. However, in that case the court held that the deed was valid in a court of equity. Under the averments of the bill such could not be held as to the deed in this case. We do not see how the case referred to was an authority to help them. In fact Judge HARRIS, delivering the opinion of the court in that case referred to the rule of the inconsistency between the will and the deed, and stated that the revocation would not extend beyond such inconsistency. The case of *Wells* v. *Wells,* is cited to sustain the text we have given above from Cyc., page 1205. We feel sure that counsel in presentation of their contention for appellee lost sight of the statement by the courts that the property must be conveyed in order for it to be taken from the operation of the will, so that there will be revocation of the will *pro tanto.* The bill of complaint avers that the property in this case was never conveyed.

It has been held that a will will not be revoked by a subsequent will containing an express revoking clause where such subsequent will is defectively executed or executed when testator is incompetent to act. It is also held that the intention of the testator in executing an instrument must govern with reference to revocation. See annotation in L. R. A. 1916C., page 92, under case of *Moore* v. *Rowlett,* 1916C., 89, 269 Ill. 98. It will be noted that the rule is laid down that it is necessary in revoking a will where statutes have been

enacted to conform to the statutory requirement. To sustain the text the editor cites the case of *Hawkins* v. *Durberry*, 101 Miss. 17, 57 So. 919, Judge McLENA, delivering the opinion of the court, said that an instrument intended to be a will, but failing of its effect as such, on account of some imperfection in the structure, or for want of due execution, cannot be set up for the purpose of revoking a former will. We also refer to a discussion of the subject by Judge COOPER in the case of *Wilburn* v. *Shell*, 59 Miss. 205. It will be seen from these cases that the intention of the testator with reference to revocation governs. We do not see how it can possibly be held that Mrs. Barnwell had any intention whatever of revoking her will when she executed the deed. She left a will properly executed, which has been established by probate and is of record, giving the land to the appellants, her nephews, in accordance with her desire and intention, and we respectfully submit that the property passed to them by means of the will.

With reference to the insufficiency of the description in the will, the instrument begins with "state of Mississippi, Jackson county," then follows the name of the testatrix, and she is described as being of Jackson county. The description is by governmental subdivisions. It is clearly a sufficient identification of the property. It is the rule that all of the will must be taken together for construction. The purpose of the court is to construe a will so that it will be upheld to carry into effect the intent of the testator. *Chrisman* v. *Bryant*, 108 Miss. 511, 66 So. 779. In the present will the state and county is set out twice in the very short instrument, and the land is particularly described by governmental subdivision. Can there be any question about its locality? But if there is any, ambiguity it is latent and can be cured by testimony. In fact it is already cured in the bill of complaint, for it is therein recited

that the land described in the will is that conveyed by the deed in which the state and county is given. So we have a complete answer to the point on the face of the bill and sufficient indentification of the property. It is a well known rule that descriptions that give enough fact to show where the land is are sufficient in law. See a discussion of this subject in 8 R. C. L., page 1077. It will be noted that description of real property omitting the town, county or state may be sufficient where the deed provides other means of indentification. This point is also fully settled by the decision in *Ladnier* v. *Ladnier,* 75 Miss. 777, 23 So. 430, in which it is stated that the omission of the county and state from the description of lands conveyed by reference to township and section, established by governmental survey was a latent ambiguity, capable of explanation by parol.

With reference to appellee's claim in an alternative way to one-half of the property devised by will as surviving husband, provided the will is sustained by court, and for certain amounts paid for improvements and taxes, the allegations in the bill are not sufficient to show that he is so entitled to a share of the land, if the will is sustained, nor to any reimbursement for taxes or improvements. We think it is clear from the bill that Mrs. Barnwell left other property. It is necessary for him to show what property he inherited and received which was not devised, and into which he came into ownership at her death. Whose means did he use in making the improvements on the land, and in paying the taxes? It was his wife's land; did he use his wife's estate? What buildings were erected, and when? What amounts expended? When were the taxes paid, and so on? How could the court render decree with reference to this on the facts shown in the bill? It will be seen that the demurrer contains grounds to the effect that the bill is not sufficiently

definite and certain, and that the allegations thereof are not consistent. The bill certainly does not contain all necessary facts which were in his possession, and which he could have stated on this subject.

We respectfully submit that the demurrer in this case should have been sustained, and we ask the court to reverse the decision of the chancery court of Jackson county.

*Denny & Heidelberg*, for appellees.

If the court were to hold that the will of Mrs. Barnwell was not rendered ineffectual by the deed of conveyance executed on the 7th day of December, 1916, still appellee would be entitled to a portion of the estate of his diseased wife under the provision of section 5087, Code of 1906. Hemingway's Code, section 3375.

It is shown in the bill that there was no provision made in the will for the surviving husband of Mrs. Barnwell; that they were childless; that he had no separate estate, and was entitled to a share in the estate without renunciation of the will, and a claim therefor is set up in the bill. Certainly he would be entitled to this much relief if denied the other prayed for in the bill. And, if so, it necessarily follows that the decree of the chancery court overruling the demurrer should be affirmed.

But, appellee contends that the will was revoked, annulled and rendered inoperative and void by the subsequent execution of the deed of conveyance to the same parties named as legatees in the will, and of the same and all the property bequeathed, or attempted to be bequeathed, in and by said will, regardless of the invalidity of the deed of conveyance.

Before proceeding further with the argument and citation of authorities in support of this contention,

we will refer to the distinction undertaken to be drawn by counsel for appellant on page 5 of their brief between an ademption and a revocation of a will.

An ademption is the extinction or withholding of a legacy in consequence of the act of the testator, which is indirectly, the revocation of the bequest, and is considered in law as equivalent to a revocation when it embraces all the specific property bequeathed. The fact that all the property mentioned in the will as bequeathed to appellants was subsequently conveyed to them by deed is what will be considered by the court, and not the name or term by which it should be designated. It is the substance and not the shadow that counts. It makes no difference whether it be termed a revocation or an ademption when the effect of each is the same, as in the case at bar. Each is an act of the mind demonstrated by some outward sign. It must be an intention to revoke, or adeem coupled with an overt act on the part of the devisor.

The will of Mrs. Barnwell contains only a specific bequest. She devised to appellants a specific tract of land, and afterwards, by her written instrument, conveyed the same specific tract of land to the same parties named as legatees in the will. It is true that there is nothing in the deed expressly revoking the will, and therefore counsel for appellant urges that, under the provisions of section 5079, Code of 1906, sec. 3367, Hemingway's Code, there could be no revocation.

In *Garrett* v. *Dabney,* 27 Miss. 335, this court held that this statute applies to acts of direct and express revocation and that a will may be revoked by implication or inference of law by various circumstances not within the purview of the statute. That it is a doctrine so firmly settled, the court did not feel disposed to call it in question. *Hoy* v. *Hoy,* 93 Miss. 732, 48 So. 903.

On the question of her intention to revoke the will by execution of the deed, we submit that a statement of the facts is its own answer. The presumption is that a party intends to do just what he does. In the bill it is alleged that Mrs. Barnwell, for certain stated reasons, changed her mind and abandoned the method or manner of conveying this property to appellants in and by her will and undertook to annul the will and convey the same property to the same parties by her deed.

This is a question of fact which is admitted by the demurrer. We are at a loss to conceive of how the execution of the deed discloses an intention to confirm the will. If the will was satisfactory to her and it was her intention to merely confirm it, and hold her property during her life and then have it pass to the appellants under the terms of the will, it is preposterous to say that she would, by her deed, strip herself of her property and leave nothing to be conveyed under the will. Her intention manifestly was as is alleged in the bill of complaint, and when so stated "the thing speaks for itself" as to her intention.

In *Wells* v. *Wells*, 35 Miss. 638, the court held that a deed executed by a testator, after the publication of his will, is a revocation of the will where the whole estate devised is conveyed by the deed.

When the testator, after the publication of his will executes a deed, whereby he conveys only a portion of the estate devised, the deed will operate as a revocation of the will only *pro tanto*, and to the extent of the inconsistency between them.

So we have from this case justification for the assertion that Mrs. Barnwell intended by her deed to revoke the will because the deed conveyed all the property mentioned in the will and was subsequent in date to the will. In this case, as in the above cited Wells case, no change of intention could be inferred

either as to the object of Mrs. Barnwell's bounty,' or the subject of the bequest or conveyance, from the subsequent conveyance of the same property to the same donees, but the change of intention is manifest as to the method or manner and time of placing the ownership of the property in the appellants, which should be regarded as a revocation of the will *in toto.* *Walton* v. *Walton* (N. Y.), 11 Am. Dec. 456.

If the alienation is partial then the revocation is partial, and if the alienation is the entire estate, it is in effect a total revocation of the testamentary disposition of the estate, not because of any infirmity or want of operative force in the will, but by reason of the withdrawal of the entire estate from its operation. See also *Marston* v. *Marsont* (N. H.), 43 Am. Dec. 611; *Bowen* v. *Johnson* (Ind.), 61 Am. Dec. 110; *Hansbrough* v. *Hooe,* (Va.), 37 Am. Dec. 659; *Donaldson* v. *Hall* (Minn.), 20 L. R. A. (N. S.) 1073; *Sneed* v. *Ewing* (Ky.), 22 Am. Dec. 41.

Numerous authorities could be cited in support of our contention that the will was revoked by the execution of the deed in the case at bar, but we deem the foregoing sufficient for the purpose. We submit that the conclusion in this case is irresistable; that Mrs. Barnwell after execution of her will, changed her mind and undertook to convey the same property described in her will to the appellants by a deed of conveyance. That it was her purpose at the - date of the deed to give the property to appellants then and there absolutely, and thereby avoid the possibility of a contest and defeat of her purpose as expressed in the will. In other words, she intended to and undertoook to annul the will, and substitute therefor the deed. This is manifest by her overt act in the execution of the deed: it was her intention to revoke the will and convey the property by deed. *Andrews* v.

*Brumfield,* 32 Miss. 108; *Sorsby* v. *Vance,* 36 Miss. 564; *Vannerson* v. *Culbertson,* 19 Smedes and Marshall, 150. So we think as above stated, that the intention of Mrs. Barnwell to revoke her will is undoubted.

There is nothing in the bill in this case to indicate that Mrs. Barnwell was mentally or otherwise incapacitated to execute a deed, nor is it charged that the act of executing the deed was procured through fraud or undue influence. On the other hand, it is alleged that she changed her mind as to the manner of transferring the property mentioned in the will by a conveyance thereof by deed. The deed of conveyance executed by Mrs. Barnwell was unquestionably void under the provisions of section 2161, Code of 1906, Hemingway's Code, sec. 1836, which is as follows:

"A conveyance, mortgage, deed of trust, or other incumbrance of the homestead, where it is the property of the wife, shall not be valid or binding unless signed and acknowledged by the owner and the husband, if he be living with his wife."

The facts in this case as alleged in the bill bring it clearly within the statute. It is shown by the bill that the land undertaken to be conveyed was the homestead of appellee and his said wife; that they were living together on the homestead at the date of the deed, and that the deed was not signed by the husband appellee.

However, the invalidity of the deed does not defeat the revocation of the will. It was the act of Mrs. Barnwell in executing the deed and thereby taking it from the operation of the will that rendered it effectual as a revocation of the will, although it was ineffectual as a conveyance of the land. *Graham* v. *Byrch,* 28 Am. Dec. St. Rep. 341, and note. See also 15 Am. Dec. 659; 12 Am. Dec. 377; 85 Am. Dec. 516; 76 Am. Dec. 652; 45 Am. Rep. 327; 37 Am. Dec. 667; 4 Kent, 528; *Walton* v. *Walton,* 11 Am. Dec. 456; 40

Cyc. 1208; *Phillips* v. *Clevenger* (Ill.), 16 Anno. Cases, 207; *Bohannon* v. *Walcott,* 1 How. 336.

Therefore, we confidently assert that the will of Mrs. Barnwell was revoked by execution of the deed, and that the will was not reinstated, and is now a nullity; that the deed of conveyance was void as a conveyance, but sufficient as a revocation of the will; that complainant is entitled to the relief sought in his bill; and that the decree of the chancellor in the chancery court overruling the demurrer interposed to the bill was properly granted and that the decree of the said chancery court in overruling said demurrer ought to be by this court affirmed.

STEVENS, J., delivered the opinion of the court.

Appellants are the nephews and sole devisees in the last will and testament of Mrs. Louise C. Barnwell, deceased, and prosecute this appeal from a decree of the chancery court of Jackson county overruling the demurrer to the bill of complaint exhibited against them by appellee, E. B. Barnwell. Appellee is the surviving husband of the testatrix, who left a document purporting to be her last will devising certain lands to her nephews, the appellants here. The document had been duly admitted to probate by the chancery clerk. Mrs. Barnwell made her will October 9, 1916, devising certain lands occupied by her as a homestead and particularly described in the bill. The land apparently was the only property owned by the testatrix and is the only property mentioned or devised in the will. From the allegations of the bill it appears that Mrs. Barnwell, soon after she made her will, executed and delivered to appellants a deed of conveyance for the same lands devised in the will. The bill charges that this conveyance, made subsequent to the will, was a revocation of the will, and for that reason

that the probate of the will in common form should
be set aside and the will declared revoked.   There
is an alternative prayer in the bill, that, if the court
should hold that the will is good and valid, the com-
plainant should be adjudged the owner of an undi-
.vided one-half interest in the lands devised.   It is
averred that the lands constituted the exempt home-
stead of appellee and his wife, the testatrix; that
the deed was void, because appellee, as the husband,
did not sign the same; that the appellee did not
possess a separate estate at the time of the death
of his wife, and under our statutes, there being no
provision whatever in the will for the husband, ·ap-
pellee is entitled to be awarded an undivided interest
in the lands sued for.   There are, furthermore, certain
allegations in the bill attempting to charge that the
will was the product of undue influence, but, under
our view of the bill and its sufficiency on this point,
it is unnecessary to set out in detail the language
employed by the pleader.

Appellee prayed that both the will and the deed
be declared null and void and cancelled.   There is also
an averment that appellee made large expenditures
improving and keeping up the estate, and that he was
entitled to be reimbursed therefor in event the lands
were not awarded him.   The bill charges also that
the description of the land as contained in the alleged
will is imperfect and insufficient, in that the will
does not state in what county the lands were situate.
The demurrer submits various grounds why the bill
is in sufficient, the principal of which are: That there
is no equity on the face of the bill; that the will is
not void because of any imperfect description of the
lands devised; that the law cannot infer a revocation
of the will in this case; and that the allegations
are not sufficient to uphold any relief whatever.   The

demurrer was overruled, and an appeal granted to this court.

Notwithstanding our statute, section 5079, Code of 1906, section 3367, Hemingway's Code, expressly providing how a devise may be revoked, the doctrine of implied revocation, at least to some extent, has always been recognized in Mississippi. *Garrett* v. *Dabney,* 27 Miss. 335; *Jones* v. *Moseley,* 40 Miss. 261, 90 Am. Dec. 327; *Hoy* v. *Hoy,* 93 Miss. 732, 48 So. 903, 25 L. R. A. (N. S.) 182, 136 Am. St. Rep. 548, 17 Ann. Cas. 1137. As stated by Judge FLETCHER, speaking for this court in *Hoy* v. *Hoy, supra,* our present statute providing how wills may be revoked "is identical with the statute in effect in 1854." Our court in *Garrett* v. *Dabney, supra,* observed:

"That this statute is, in substance, the same as the sixth section of 29 Charles II." and "it is well settled in England and the United States, that the statute applies to acts of direct and express revocation, and that a will may be revoked by implication or inference of law by various circumstances not within the purview of the statute."

In our judgment the bill does not charge facts from which undue influence could be lawfully inferred. No sufficient attack is made upon the mental capacity of the testatrix or the formal execution of the will. On the contrary the will is duly signed and witnessed and has been admitted to probate in common form. The bill mainly relies on the charge that the testatrix executed and delivered a deed to the same land devised in the will; that this deed was executed subsequently to the making of the will, and for that reason operates as a revocation. The only infirmity in the deed is the fact that the husband did not sign the conveyance, and the deed being for the exempt homestead is condemned by our statutes.

Judge HARRIS, speaking for this court, in *Wells* v. *Wells*, 35 Miss. 638, discussed the doctrine of implied revocation and the effect of a deed executed subsequently to the will, among other things saying:

"Admitting the doctrine of implied revocation as still existing in our state, notwithstanding our statute, yet to give to a deed or other conveyance such operation, it has long been settled, that there must be a subsequent conveyance of the whole estate.

"The doctrine of implied revocation proceeds only upon the principle of presumed intention, and such presumption may be rebutted by circumstances. Douglas, p. 31; *Brush* v. *Wilkins*, 4 John. Ch. (N .Y.) 506; *Yerby* v. *Yerby*, 3 Call. (Va.) 334.

"If the inconsistency, between the will and the deed subsequently made, be merely partial, the revocation, will not extend beyond such inconsistency; because the law will presume the testator intended only a revocation *pro tanto*, and not *in toto*. Cowp. 90; 2 Vern. 720; Tol. 19; 2 Ves. Jr. 428; *Livingston* v. *Livingston*, 3 John. Ch. (N. Y.) 148; *In re Mickel*, 14 John. [N. Y.] 324; *Goodtitle ex dem. Holford* v. *Otway*, 7 Term. R. 416, 417.

"Indeed, as no change in intention can be inferred in this case, either as to the object of his bounty, or the subject of the gift, from the subsequent conveyance of a part of the same property to the same donee or grantee by the testator, the conclusion would seem to be inevitable that the deed must be regarded as affecting the disposition of the will only *pro tanto*."

In the *Wells Case, supra*, the grantee in the deed was the same as the beneficiary in the will. That case, we conceive, is authority for the proposition that a deed subsequently made must, to some extent at least, be inconsistent with the will. In the case at bar the deed does not expressly mention or revoke the will and there are no extrinsic facts or circumstances from

which an inference to revoke the will may be drawn. On the contrary the execution and delivery of the deed of conveyance to the same beneficiaries may be said to be evidence of a continued purpose and intention to make the appellants in this case the beneficiaries of the estate involved and to confirm the gift. If the testatrix had made a deed to a grantee other than the devisee in the will, a different intent, we think, could be inferred. But the deed in this case, if valid, would have only hastened the day when the objects of the testatrix's bounty would become seized and possessed of the subject-matter of the gift. The testatrix did not change the beneficiaries or depart from her intention to make appellants owners of her lands. She did not try to take from one and bestow upon another. The authorities on this point are not altogether in accord. Of course, if the deed were valid, appellants could claim under the deed and not under the will and no question would here be presented. The arguments proceed on the theory that the deed is void and that appellants so recognized and treat the conveyance. If the deed were valid, a better argument could be made in favor of a revocation. The general rule is correctly stated by Mr. Alexander in his Commentaries on Wills, vol. 1, section 542, p. 736, as follows:

"The general rule is that a conveyance of an estate or interest therein previously devised or bequeathed is deemed a revocation thereof if so expressed in the conveyance and, whether or not so xpressed, it will act as a revocation if the provisions of the conveyance are totally inconsistent with the devise or bequest. If the transfer be upon condition which has failed it would then stand as if no transfer had been made."

Some of the authorities go to the extent of holding that an ineffectual conveyance operates as a revocation, even when the grantee in the deed is the same as the

beneficiary in the will. But if the parties are the same
in both instruments, there is no real inconsistency. As
stated by the Supreme Court of Pennsylvania in
*Aubert's Appeal,* 109 Pa. 447, 1 Atl. 336:

"The usual mode of revoking wills is by a subsequent
will or codicil containing an express clause of revoca-
tion, of provisions which are inconsistent with the
former will. Jarman on Wills, 336. And the same
writer lays down the doctrine, which I do not under-
stand to be seriously disputed, that an instrument
purporting to be a conveyance, but incapable of taking
effect as such, may operate to revoke a previous devise.
But the reason of this rule evidently is that the sub-
sequent conveyance was inconsistent with the devise
and disclosed an intent to revoke it. But here the
*acte de notariete* is in entire harmony with the previous
will. It passed the same estate and to the same per-
son. It was evidently intended to confirm the will.
It was not necessary; it adds no strength to the will;
but to say that it revokes what it was intended to
make sure is a contradiction of terms."

The reasoning and position of the Supreme Court of
Pennsylvania was approved by the Supreme Court of
Minnesota in *Gregory* v. *Lansing,* 115 Minn. 73, 131
N. W. 1011, the court saying:

"The contention that the will has been revoked by
operation of law is not sound. This contention is
founded upon the fact that after the execution of the
will and before her death testatrix conveyed to re-
spondents the specific property devised to them, and
the further fact that since her death the nieces, bene-
ficiaries by the terms of the will, have adjusted their
rights in the manner provided for by the will. The
conveyance of the property to respondents constituted
what the books term an ademption or satisfaction of
the particular devise, and was not in contemplation
of law a revocation of the will. *Aubert's Appeal,* 109

Pa. 447, 1 Atl. 336; Woerner's Law of Administration, section 446.''

To the same effect is the holding of the North Carolina Supreme Court in *Pickett et al* v. *Leonard,* 104 N. C. 326, 10 S. E. 466. In the case mentioned the testator had devised to his son eighty acres of land. Thereafter he executed a deed to his son for a portion of the land so devised. The court on this point said:

''What the testator's motive for this was does not appear. But, whatever it may have been, he did what he had power to do. This deed did not affect the devise, except to the extent of the land conveyed by it. As to that it had the effect to place the title thereto in the defendant in the testator's lifetime. In effect, as to this land, the will was no more than in affirmance of the deed. There it nothing in the will that in terms or by implication modifies or qualifies the devise. So it took effect and became operative, as far as it might do so, at the time of the testator's death. It did not pass the title to the land embraced by the deed, because the deed itself did that in the testator's lifetime. If, however, for any cause, the deed was ineffectual, then the devise passed the title to that land. The devise passed title to the defendant to so much of the eighty acres embraced by it as the deed did not include. This is the plain meaning and effect of the terms of the devise, and there is nothing in the will that provides otherwise, nor is there any reason in law why it should not.''

In the later Pennsylvania case of *In re Gensimore's Estate,* 246 Pa. 216, 92 Atl. 134, the testatrix orally contracted to sell the land previously devised, and had deposited the money in escrow to be delivered upon the payment of the purchase money but died before the deed was delivered. It was held that the ineffectual attempt to dispose of the land revoked the

prior will, but the grantee in the deed was the testator's tenant and not the beneficiary of his will.

Apparently opposed to the views we express are the observations of the Kentucky court in the case of *Kean's Will,* 9 Dana, 25, where the grantee in the deed is the same as the devisee in the will. The better view, we think, is the one which our court apparently adopted in the *Wells Case, supra,* and which appeals to our sense of right and justice now; that is, when the donee in the deed and the devisee in the will are the same, there is in such case no real inconsistency and therefore no implied revocation. There are numerous cases reflecting instances where the testator, after making his will, sold or conveyed a portion or all of his estate to third parties, or parties other than the beneficiaries claiming the devise. We regard the present case as an exception to the general rule, an instance where there is no change either in the object of the testator's bounty or the object of the gift. We are not concerned in the present case with the general doctrine of the ademption of specific legacies. The subject of the devise in this case has not been lost, destroyed, or effectually disposed of. The question is a narrow one, and if it were the only question presented by the demurrer we should have to conclude that the demurrer be sustained. But there is another phase of the case and other rights claimed by the bill and presented by the alternative relief prayed for therein. We proceed then to a consideration of the surviving husband's rights in the homestead or estate of his deceased wife under the facts set forth in the bill.

While the bill relies upon an alleged revocation of the will and, if sufficient on this point, would present ordinarily an issue *devisavit,* the case essentially made by the bill is an equity case. The prayer of the bill is that both the will and the deed of conveyance

should be canceled, and that complainant should be held the true and lawful owner of the lands sued for. The bill sufficiently describes the lands, and essentially the suit is one involving real estate. There is no provision in the will for the surviving husband, and under the averments of the bill section 5087, Code of 1906, section 3375, Hemingway's Code, applies. The surviving husband as complainant relies upon his statutory rights, and by an alternative prayer in the bill asks that he be declared and adjudged the owner of an undivided one-half of the property described and sued for. Under the averments of the bill he is entitled to this relief, and for that reason the demurrer was properly overruled. We do not mean to hold that the bill does not present a proper case for the exercise of the probate jurisdiction of chancery. The bill does attempt to tender issues as to the validity of the will and prays its cancellation. But probate and equity jurisdiction are now by the Constitution conferred on our chancery courts, and nothing is to be gained by any attempt, in a given case, to trace out and declare the line of demarcation between the two jurisdictions. The chancery court may try the issue *devisavit* whenever properly presented, and this jury trial should not be confused by any issue as to the construction of the will or the rights of the surviving spouse under our statutes. It yet remains that, under the blended and enlarged jurisdiction of chancery courts, more issues than one might appropriately be tendered by the original bill attacking or contesting a will, especially when the suit involves title to real estate. There is then no objection to the alternative prayer for relief in this case. Complainant likewise has a right to have the void deed canceled. In a proper case the surviving husband, continuing in possession of the exempt homestead after the death of his wife, prior owner thereof, might

be entitled to reimbursement for a portion of the taxes and a reasonable allowance for improvements made in good faith for the benefit of the common estate. We do not think the allegations of the bill in the present case are specific or definite enough on this point to entitle complainant to relief. The court upon application may, in its discretion, allow proper amendment of the bill in this regard.

There is no merit, we think, in the contention that the will does not sufficiently describe the lands devised. The caption of the will read, ''State of Mississippi, Jackson county.'' The will also recites that the testatrix resided at ''Dead Lake, Jackson county, state of Mississippi.'' The lands are definitely described according to the government survey, stating the section, township, and range. The document as a whole, then, is sufficient to show conclusively that the lands are situate in Jackson county.

The decree of the learned chancellor will be affirmed, and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Affirmed and remanded.*