GILLESPIE, Chief Justice:
The issue presented for determination is whether or not a divorce coupled with a property settlement shall effect an implied revocation by operation of law of a will made by one spouse in favor of the other prior to the divorce and property settlement.
The facts are as follows: In March of 1949, Philip Felix McKnight and Sybil were married. On May 7, 1965, Philip McKnight executed a will appointing his wife, Sybil, as Executrix and after bequeathing one dollar each to his two daughters by a prior marriage, gave the rest of his estate to Sybil. Four years later, in September of 1969, Sybil obtained a divorce from Philip on the grounds of habitual cruel and inhuman treatment. The divorce decree provided that Philip should pay Sybil $50 per month in alimony for a period of one year, “which payment of alimony and the property settlement executed, shall be full and complete settlement of all alimony rights arising out of the marriage of the parties.” (Emphasis supplied.) The “property settlement” referred to in the decree consisted of Philip’s conveying all his interest in the homestead property and household furnishings, and all his interest in McKnight’s Service Station, a business owned by the couple, to Sybil. The parties had reached the settlement by mutual agreement.
On August 2, 1970, Philip McKnight married Mazie Coffman. He died on October 15, 1970. On October 27, 1970, his divorced wife,. Sybil, filed her petition for probate of McKnight’s will dated May 7, 1965. Mazie answered Sybil’s petition and averred that by virtue of the divorce and property settlement between Sybil and Philip, Sybil had given up all rights she may have had in Philip’s estate, and that Philip’s will of 1965 had been impliedly revoked by operation of law. The chancellor found that the will had not been impliedly revoked by the divorce and property settlement. He further found that Mazie had renounced the will and should be given a widow’s allowance and her statutory share of the estate. From this judgment Mazie McKnight appealed.
Section 658, Mississippi Code of 1942 Annotated (1956) provides in part as follows :
A devise so made, or any clause thereof, shall not be revocable but by the testator or testatrix destroying, canceling, or obliterating the same, or causing it to *317 be done in his or her presence, or by subsequent will, codicil, or declaration, in writing, made and executed; ....
In Caine v. Barnwell, 120 Miss. 209, 82 So. 65 (1919), the Court held that where a testator conveyed his entire estate by deed subsequent to the making of his will, there was an implied revocation. However, in Hoy v. Hoy, 93 Miss. 732, 48 So. 903 (1908), and again in Hilton v. Johnson, 194 Miss. 671, 12 So.2d 524 (1943), the Court held that the marriage of the testator subsequent to the making of his will was not such a change in circumstances as to impliedly revoked the will. In Lee v. Blewett, 116 Miss. 341, 77 So. 147 (1918), the Court held that even though the testatrix had married, divorced, remarried and survived her second husband, all subsequent to the making of her will, these changes did not impliedly revoke the will.
Appellant contends that the property settlement entered into by Sybil and Philip when they were divorced was an ademption of any rights Sybil had in Philip’s estate. The divorce decree stated that the monthly payments and the property settlement would be full and complete settlement of all alimony rights arising out of the marriage. Appellant relies upon Davis v. Davis, 24 Ohio Misc. 17, 258 N.E.2d 277 (1970), and Johnston v. Laird, 48 Wyo. 532, 52 P.2d 1219 (1935), as authority for the proposition that a divorce coupled with a property settlement shall operate to impliedly revoke a prior will. In both of these cases, however, the property settlement contained an express release by the wife of her claims upon her husband’s estate. A reading of the cases from the jurisdictions which recognize the doctrine will reveal that most of the courts hold that implicit in the determination of whether the property settlement shall in-pliedly revoke the will (at least as to legacies to the divorced spouse) is the question of whether the testator intended that the settlement should operate as a fulfillment of support rights or as an ademption of a prior-created legacy and release by the divorced spouse of all rights in the deceased’s estate. It is not indicated that the settlement involved here was. intended to operate as an ademption of the legacy in favor of Sybil.
Appellant contends that the court committed error in admitting the testimony of one Dennis Stanbro, a long-time friend of the deceased, which testimony concerned declarations made by the deceased tending to show that after his divorce from Sybil, he still wanted her to get his estate.
Assuming, without deciding, that the admission of Stanbro’s testimony was error, it was nevertheless harmless, since the same result would obtain without the testimony.
Affirmed.
JONES, BRADY, INZER and SUGG, JJ., concur.