346 So.2d 379 (1977)
Tommy Jack RAMSEY et al.
v.
Bill ROBINSON, Executor of Last Will and Testament of Mrs. Ella Walker, Deceased.
No. 49363.
Supreme Court of Mississippi.
May 25, 1977.
Finch & Finch, J. Barry Finch, Iuka, for appellants.
James Porter Dean, Corinth, P.O. Gibson, Jr., Jackson, for appellee.
Before GILLESPIE, ROBERTSON and LEE, JJ.
*380 GILLESPIE, Chief Justice, for the Court.
This is an appeal from a decree of the Chancery Court of Tishomingo County concerning the probation of a will. From an adverse decree, Tommy Jack Ramsey, executor, and the other appellants who would have taken under the will rejected by the court as having been revoked appealed to this Court.
On June 28, 1960, Mrs. Ella B. Walker, a resident of Tishomingo County, executed a holographic will devising her estate, consisting principally of 138 acres of land, to Billy Gene Robinson and James Charles Robinson. This will was kept in her safe deposit box. Thereafter, on July 1, 1971, Mrs. Ella B. Walker executed a will before two witnesses making a different disposition of her estate in favor of her husband for life and upon his death to Lara Bell Robinson. On March 20, 1973, Mrs. Ella B. Walker had the holographic will dated June 28, 1960, brought from her safe deposit box and she wrote on the right hand side of the top of the single page will the following: "March 20, 1973." The chancellor before whom this case was tried found that placing the date on the top of the holographic will constituted a republication of that will and a revocation of the July 1, 1971, will.
The question: After a holographic will is revoked by the execution of a valid subsequent will, can it be revived by the testator inscribing a later date on the previously revoked holographic will?
Mississippi Code Annotated section 91-5-1 (1972) contains the requirements for the execution of wills. Both wills in this case comply with these requirements  the first by being written wholly by the testatrix, and the second by the attestation of two witnesses.
Code section 91-5-3 (1972) provides in part as follows:
A devise so made, or any clause thereof, shall not be revocable but by the testator or testatrix destroying, canceling, or obliterating the same, or causing it to be done in his or her presence or by subsequent will, codicil, or declaration, in writing, made and executed.
The testatrix neither destroyed, cancelled, nor obliterated the July 1, 1971, will. Therefore, if she revoked that will it must be under the last clause of Code section 91-5-3 which reads "by subsequent will, codicil, or declaration, in writing, made and executed."
The requirements of our statute for the revocation of a will require the document whether a subsequent will, codicil, or declaration, be in writing, made and executed. Execution in this context means that it must be signed. Therefore, we hold that the revocation of a will must be by subsequent will, codicil, or declaration, in writing, made and signed by the testator. Mrs. Walker did not sign the purported March 20, 1973, revocation but merely put a date on the previously revoked holographic *381 will. This was neither a subsequent will, nor a codicil, nor a declaration in writing executed (signed) by Mrs. Walker. Nor was it signed by any other person at her direction. There was no writing expressing an intention to revoke the July 1, 1971, will.
Nor was there a republication of the June 28, 1960, holographic will. According to 2 Bowe-Parker: Page on Wills, section 23.1 at 573 (3rd.ed.rev. 1960), republication is only accomplished by complete reexecution of the will in which all the statutory formalities of original execution are complied with, or by the making of a subsequent properly executed codicil to the earlier will. This statement is substantially the same as the requirements of our statute on revocations, Code section 91-5-3.
Parol proof that Mrs. Walker stated in effect that she wanted to republish the 1960 will and revoke the 1971 will does not alter the requirements of this statute.
Therefore, we hold that the insertion by Mrs. Ella B. Walker of the date on the holographic will was neither a republication of that will nor a revocation of the July 1, 1971, will. For this reason, the decree appealed from is reversed and judgment here establishing the will dated July 1, 1971, as the true last will and testament of Mrs. Ella B. Walker.
REVERSED AND RENDERED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.