501 So.2d 421 (1987)
Kay Leigh RASCO
v.
ESTATE OF Richard RASCO.
No. 56106.
Supreme Court of Mississippi.
January 21, 1987.
*422 John Booth Farese, Farese, Farese & Farese, Ashland, for appellant.
Paul R. Scott, Wilroy, Lee & Scott, Hernando, for appellee.
Before PRATHER, ROBERTSON and SULLIVAN, JJ.
PRATHER, Justice, for the Court:
This will contest examines whether a divorce accompanied by property settlement revokes, by implication, a previously executed will where the parties continue to live together after the divorce.
The Chancery Court of DeSoto County ruled that a divorce decree and property settlement entered into by Kay and Richard Rasco, revoked by implication a will executed by Richard Rasco prior to the divorce proceeding.
Appellant Kay Rasco appeals alleging that the trial court's order was in direct contravention of the relevant Mississippi law relative to the doctrine of implied revocation of wills and contrary to the best interests of the minors involved. The Court examined the case but reverses on other grounds.

I.
Kay Leigh Rasco married Richard Rasco, a citizen of DeSoto County, Mississippi. She had three children by a previous marriage, Rebecca Herring, George Davis Herring, II and Frank Leon Herring. In his will dated June 29, 1981, Richard Rasco bequeathed $500.00 to George Herring and one acre of land each to Rebecca and Frank Herring. The bulk of his estate he devised to his wife, Kay Leigh Rasco, who was also named as executrix.
On April 13, 1982, a divorce action for irreconcilable differences was granted to the parties. The property agreement was to be:
"a full, final and complete settlement of all their property rights, and ... full and complete settlement of the controversy over the property rights of the parties, and save the right of either party to prosecute his or her suit for complete divorce, this settlement and agreement is and forever after shall be a bar to any suit at law or otherwise for anything growing out of the marriage relation of the parties as well as the property rights of the one against the other."
Under the terms of the settlement, the wife was to receive frozen goods in the deep-freeze, home prepared canned goods, the organ, the sewing machine and her personal effects. She was to pay her debts and maintain her husband's hospitalization insurance until he remarried. The husband was to pay all attorneys' fees and court costs.
Despite the divorce decree, Kay and Richard Rasco continued to live together. Richard Rasco died on November 24, 1982; Kay Rasco was appointed executrix pending the outcome of the will contest by Rasco's children  Alice Mae Robinson, Frank Rasco Jr., R.H. (Harry) Rasco, Robert Henry Rasco Jr., and Robert Allan Rasco. The contest claims that Richard Rasco revoked his purported last will and testament by way of a property settlement incorporated in the 1982 divorce decree.
The case was tried on the stipulation of the foregoing facts, and in addition the following facts:
(1) That Richard Rasco and Kay Rasco continued to live in the same house they were occupying at the date and time of the divorce and slept in the same bed, and were so living together at the time of the death of Richard Rasco,
(2) That the last will and testament was found at Richard Rasco's death in his safe at the house he and Kay Rasco were occupying, and
(3) That Kay Rasco was not represented by an attorney in the divorce and property settlement.
On August 22, 1984, the Chancery Court of DeSoto County, Mississippi issued its order sustaining the will contest and finding that the Rasco divorce "... was a change in circumstances which impliedly revoked the provisions of the will" as to *423 Kay Rasco and her children, because "no longer was there any moral, legal, or social reason for them to be the natural object of deceased [sic] bounty." The trial court found that the parties intended to settle any and all property rights against the other and "acted by implication and intent" to void the bequests. The provision in the property settlement requiring the former wife to pay the deceased's medical costs was not construed by the court to be a showing of unclean hands on the contestants' part. Therefore, the trial court held that Kay Rasco was precluded from taking under the will and "... all bequests made therein to the testator's stepchildren as such should be and are held for naught." Kay Rasco was removed as executrix.

II.
The question on appeal is whether the facts of this case show an implied revocation of a prior will by a subsequent divorce and property settlement.
Revocation of wills in Mississippi is statutory. Miss. Code Ann. § 91-5-3, in pertinent part provides:
A devise so made, or any clause thereof, shall not be revocable but by the testator or testatrix destroying, canceling, or obliterating the same, or causing it to be done in his or her presence, or by subsequent will, codicil, or declaration, in writing, made and executed. (emphasis added)
Appellants contend that § 91-5-3 provides the only recognized methods for canceling a will and that a doctrine of implied revocation by reason of divorce and property settlement does not exist in Mississippi law.
This state has recognized the doctrine of revocation of wills by statute, and also, in proper cases where the facts give rise to an implied revocation by operation of law. As early as 1854 in Garrett v. Dabney, 27 Miss. 335 (1854), this Court recognized that a will may be revoked by various circumstances not within the purview of the statute. 27 Miss. at 346. In Hoy v. Hoy, 93 Miss. 732, 48 So. 903 (1909) this Court acknowledged the common law rule that the will of an unmarried man is revoked by his subsequent marriage with birth of issue, but that without issue, his subsequent marriage does not revoke his former will. See also Hilton v. Johnson, 194 Miss. 671, 12 So.2d 524 (1934); Lee v. Blewett, 116 Miss. 341, 77 So. 147 (1918) (marriage, divorce, and remarriage subsequent to making of will did not impliedly revoke will).
More recently this Court has held that revocation of a will must be accomplished in some competent manner by the testator, or someone acting for him in his presence, who (1) "performed one or more of the acts, specifically in the statute, of `destroying, canceling, or obliterating' the will and (2) that [the testator] did so with the intention of revoking the will." Livelar v. Arnold, 233 So.2d 760 (Miss. 1970). See also Ramsey v. Robinson, 346 So.2d 379 (Miss. 1977). These cases, however, are distinguishable from the instant case wherein the lower court found an alternative method to revocation the execution of a subsequent "declaration" in the form of the property settlement agreement attached to a divorce decree.
An analogous factual situation is found in the case of McKnight v. McKnight, 267 So.2d 315 (Miss. 1972), but in McKnight this Court held that a divorce with a property settlement agreement would not operate to impliedly revoke a prior will unless the settlement evidenced the testator's intent to do so.
A reading of the cases from the jurisdictions which recognize the doctrine will reveal that most of the courts hold that implicit in the determination of whether the property settlement shall impliedly revoke the will (at least as to legacies to the divorced spouse) is the question of whether the testator intended that the settlement should operate as a fulfillment of support rights or as an ademption of a prior-created legacy and release by the divorced spouse of all rights in the deceased's estate.
267 So.2d at 317.
Although in the case at bar, the lower court held the divorce and property settlement *424 indicated an intention to settle any and all rights between Kay and Richard Rasco, this Court's review of those documents in light of the surrounding circumstances obtains a different result. This Court notes that any document presented as a subsequent declaration must reveal by "clear and unequivocable" evidence, an intention to revoke the will. Matter of Will of Palmer, 359 So.2d 752 (Miss. 1978); McCormack v. Warren, 228 Miss. 617, 89 So.2d 702 (1956). Proof of intent or reference to the prior testamentary instrument is simply not present in the divorce decree or property settlement agreement. Furthermore, this Court notes that properties devised under the will fail to correspond to those listed in the property settlement agreement.
In a recent Tennessee case, In Re Estate of Perigen, 653 S.W.2d 717 (Tenn. 1983), the lower court held a will was revoked by implication, due to a subsequent divorce accompanied by a property settlement. On appeal, the Tennessee Supreme Court noted that provisions of the property settlement agreement had not been carried out and that the spouses had cohabitated until the husband's death. The Tennessee Court ruled:
[G]enerally a divorce accompanied by a property settlement agreement which is fully carried out according to its terms should have the effect of revoking a prior will in favor of a former spouse, especially where the parties thereafter "sever all ties,"... . Where the property settlement agreement is not carried out or even attempted to be implemented, as in the present case, however, we do not think that the rule of the [implied revocation] is necessarily controlling.
653 S.W.2d at 720.
In this case, Kay and Richard Rasco continued to live together until Richard Rasco's death and there is no proof presented by those contesting the will to show that the property settlement executed subsequent to the will was anything more than a formality to comply with the requirements of a divorce for irreconcilable differences. Looking to the facts and circumstances of this case, the terms of the will itself, the divorce decree and the property settlement, and the conduct of the parties, this Court finds no intent to warrant the implied revocation of Rasco's will.
This case is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.