Parker, C. J.,
delivered the opinion of the Court. The title of the demandants, as heirs, being interrupted by the devise of their ancestor, — if that devise be good, it is plain that they cannot maintain their action for possession of the premises. The will containing the devise has been regularly proved and allowed in the Supreme Court of Probate ; and nothing can now be objected to the interest claimed under it, but some legal disability of the testatrix.
It is suggested that she was not seised of the estate at the time the devise was made; and so, by our statute of wills, she had no right to dispose of the same by will. The principle is correct, but the fact to which it is to be applied does not exist. The testatrix was not disseised at the time of making her will, nor at the time of her death. For, although she had signed and sealed instruments, purporting to convey her title to the tenant, yet those instruments never operated to pass the estate; and it does not appear that any possession was taken under them until after her decease.
The deeds read in evidence cannot operate as a revocation of the will; because, by the verdict of the jury, it is established that the testatrix never, in a legal sense, made such deeds — her extreme old age and imbecility having been taken advantage of, by the pretended grantee, to procure them, (a)
*109 * But it is said that, the estate of the devisee being postponed by the will until he shall arrive at full age, the fee in the mean time rests by descent in the demandants, subject to be defeated by the entry of the devisee when he shall come of age.
We think it is not so. A present estate in fee was devised, and it was the possession only which was postponed; so that the title of the demandants is wholly cut olF. And the words of the will are sufficient to create a trust estate in the tenant, by which he may hold the estate, for the purposes for which the trust was created, until, by the will, the devisee can take possession for himself. The verdict must be set aside, and the demandants be called.

Demandants nonsuit.

 This is a case within the peculiar jurisdiction of a court of equity; and not rclievable at law, unless there were other material facts not reported.— Fonb. Equ. Bl. c. 2, § 3, and note. — Jackson vs. Croy, 12 Johns. 427. — Hallenbeck vs. Dewitt, 2 Johns. 403. — Parker vs. Parmele, 20 Johns. 130.— Vrooman vs. Phelps, 2 Johns. 177. — Wigglesworth vs. Steers, 1 H. & M. 70. — Campbell vs. Ketcham, 1 Bibb, 406. — Arnold vs. Hickman, 6 Munf. 15. — Seymour vs. Delancey, 3 Cowen, 445.—Rutherford vs. Ruff, 4 Dessaus. 350.