## The Blackstone Bank *versus* Erastus Davis.

A provision in a devise of land, that the land shall not " be subject or liable tc con-veyance or attachment," is void.

Trespass *quare clausum.* The defendant appeared by his guardian, and admitted the breaking and entering the close ; and the case was submitted to the consideration of the Court upon the following statement of facts.

The close was a part of the Bartlett farm, so called, and originally belonged to Abijah Davis, deceased, who was the father of the defendant ; and the defendant claimed it under the following clause in the will of his father :

" I give to Erastus, my son, the use of the Bartlett farm in Millbury, containing about 120 acres. Said farm is not to be subject or liable to conveyance or attachment. Said farm I estimate worth five thousand dollars. Should that be less value than Abijah's or Loring's share, in that case there shall be more added to make it equal with Abijah's share. The said property is not subject to conveyance or attachment as aforesaid."

The defendant had been in possession of the close ever since the death of his father in 1833.

On August 19, 1834, the plaintiffs sued out a writ against the defendant, and afterwards, having recovered judgment against him, extended an execution upon the premises, as upon land held by the defendant in fee.

The plaintiffs were to be nonsuited, or the defendant to be defaulted, according to the opinion of the Court upon these facts.

*C. Allen,* for the plaintiffs, to the point, that a devise of the use of land, is a devise of the land itself, cited Com. Dig, Devise, *N* 1 ; *Reed* v. *Reed,* 9 Mass. R. 372 ; and to the point, that the provision in the devise, that the land should not be subject to alienation, or liable to attachment, was invalid, 2 Cruise's Dig. *tit.* 13, *c.* 1, § 24 ; *Doe* v. *Carter,* 8 T. R. 61.

*Oct. 8th.* *Barton,* for the defendant, to the point, that the words of

the devise were sufficient to create a trust, the object being specific, and that in such case, as no trustees were named in the will, the executors were, by necessary implication, to be deemed the trustees, or might be vested with the trust by the Court, cited *Van Dyck* v. *Van Beuren*, 1 Caines's R. 84 ; *Pierson* v. *Garnet*, 2 Bro. Ch. R. 38 ; *Malim* v. *Keighley*, 2 Ves. jun. 335 , *Paul* v. *Compton*, 8 Ves. 380 ; *Attorney- General* v. *Davies*, 9 Ves. 546 ; *Cruwys* v. *Colman*, 9 Ves. 323 ; *Dashwood* v. *Peyton*, 18 Ves. 41 ; *Saunderson* v. *Stearns*, 6 Mass. R. 37 ; *Ellis* v. *Ellis*, 12 Pick. 181 ; Revised Stat. *c.* 81, § 8 ; and to the point, that if this was a devise in trust by implication, then the land could not be extended upon by the plaintiffs, whether it was a devise for life, or in fee, *Russell* v. *Lewis*, 2 Pick. 508 ; *Kempton* v. *Cook*, 4 Pick. 305.

WILDE J. delivered the opinion of the Court. This is an action of trespass *quare clausum fregit ;* and the only question submitted by the facts agreed is the question of title, the breaking and entering of the close by the defendant being admitted. It is not questioned that the devise respecting the Bartlett farm is a good devise to pass the farm to the devisee. By the devise of the profits, use or occupation of land, the land itself is devised. Whether the defendant took an estate in fee or for life only, is a question not material in the present case. The sole question is, whether the estate in his hands was liable to attachment and to be taken in execution as his property. The plaintiffs claim title under the levy of an execution against the defendant, and their title is valid if the estate was liable to be so taken. That it was so liable, notwithstanding the proviso or condition in the will, the Court cannot entertain a doubt.

A condition in a grant or devise, that the grantee or devisee shall not alienate, is void because repugnant to the estate. Co. Lit. 223 *a.* And so it is as to a condition annexed to a gift or sale of a term for years, or any other chattel real or personal. A condition or proviso to restrain or prohibit the operation of an attachment and levy of an execution, is void for the same reason, and because it is contrary to law, which makes a man's property liable for the payment of his debts. A condition that the grantee or devisee shall not alienate for a particular time or to a particular person or persons, is good.

*Oct. 10th.*

Blackstone
Bank
*v.*
Davis.

So, in a devise to a minor provided he shall not come into possession, occupy, or have any advantage of the estate during his minority except through his guardian, who is to lease, occupy, and improve the estate, the proviso is good and valid in law. *Smithwick* v. *Jordan*, 15 Mass. R. 113.

The clause in the devise under consideration is without any limitation, and declares that the property devised shall not be subject to conveyance or attachment perpetually. Such a declaration or provision the testator had no authority to make. It was an attempt to impose a restraint upon property which the law will not allow, and the provision is clearly void.

*Defendant defaulted.*