JOSHUA W. DANIELS *vs.* ROLFE ELDREDGE & others.

Middlesex.    Jan. 18. — Sept. 28, 1878.    COLT & ENDICOTT, JJ., absent.

A testator, by his will, gave his estate to trustees, with power to change the invest-
ment of any portion thereof and of its accretions, in trust to pay a certain annuity
to his mother during her life, and, subject to this provision, to apply such portion
of the income, as they might from time to time see fit, to the education and main-
tenance of the son until he should reach the age of twenty-five years, and then to
convey the estate, with all accretions thereof, to him in fee ; provided that they
might in their discretion convey the same or any part thereof to him at any time
after his arriving at the age of twenty-one years.    If the son should die before
reaching the age of twenty-five years, leaving a widow and children, the trustees
were to pay half the income to his widow, and to apply so much of the rest as they
might from time to time see fit to the education and maintenance of his children,
until the youngest child arrived at the age of twenty-one years, and then to convey
the whole estate and all accretions thereof, in equal shares in fee, to the survivors
of the widow and children and to the issue of any deceased child by right of rep-
resentation ; provided that the same or any part thereof, concerning which the
son should have made a will after arriving at the age of twenty-one years, should
be disposed of as therein directed.    If the son should die leaving no issue or widow,
the trustees were to pay the income to the testator's widow for life, and after her
death convey the remainder in fee to certain brothers and sisters of the testator.
*Held*, that the son took an interest in the principal, which equity would apply to
the payment of his debts.

BILL IN EQUITY against Rolfe Eldredge, the trustees under
the will of Edward H. Eldredge, and Amariah Taft, to reach
and apply the fund in the hands of the trustees in payment of
a debt due from Rolfe Eldredge, the son of the testator, to the
plaintiff.

The bill alleged that the testator, by his will, dated April 22,
1859, gave all his estate, real or personal, to trustees named,
upon the following trusts :

" First.    To pay my mother an annuity of three hundred dol-
lars each year during her life, in equal quarterly payments, the
first of which shall be made at the expiration of three months
from the day of my death ; and all subsequent provisions of this
my will are to be construed with reference to this provision.

" Secondly. To apply such portion of the income thereof, as they may from time to time see fit, to the proper and liberal education and maintenance of my said son until he shall reach the age of twenty-five years; and then to convey, transfer and pay over the whole of said estate and all accretions thereof then in their hands to him the said Rolfe, to the use of him and his heirs forever; provided that, if in their judgment it will be best for his interest to convey, transfer and pay over the same or any portion or portions thereof, at any earlier time or times after he shall have reached the age of twenty-one years, they may do so.

" Thirdly. If my son shall die before reaching the age of twenty-five years, leaving a widow and child or children, then to pay over one half of said income to his widow, and devote such portion of what shall not be so paid to said widow, as they may from time to time see fit, to the handsome maintenance and liberal education of such child or children, until such child or the youngest of such children shall have arrived at the age of twenty-one years; and then to convey, distribute, transfer and pay over the whole of said estate and all accretions thereof, in equal shares, to the survivors of the said widow and said child or children, share and share alike, to their own sole use forever and that of their respective heirs; provided that, if any such child shall have died leaving issue, such issue shall take by representation the share which its parent would have taken if one of said survivors; and provided also that if, after his arrival at the age of twenty-one years, my said son shall die leaving a widow or issue and a last will and testament duly executed, the said estate and accretions, or any part thereof to which such will may refer, shall be disposed of as shall be directed in and by his said will.

" Fourthly. If my son shall die without issue and leaving no widow, then to pay over the whole net income aforesaid to my said wife during her life, to her own sole and separate use, and after her death to convey, distribute, transfer and pay over the whole remainder of said estate in equal portions to " brothers and sisters of the testator.

The bill further alleged that the will also authorized the trustees to change the investment of any portion of the said estate and accretions from real to personal estate, or from personal

to real estate, as fully and thoroughly as the testator could have done himself.

The bill further alleged that the will was duly admitted to probate, and that the trustees accepted the trust and held under it a large amount of real and personal property; that Rolfe El- dredge and George O. Marcy, formerly copartners in business, made two promissory notes payable to the order of the plaintiff, the amount of which they owed the plaintiff; that Taft con- tended that Rolfe Eldredge had assigned his interest in the trust property to him; and that Rolfe Eldredge had attained the age of twenty-one years, but had not reached the age of twenty-five years, and had no property liable for his debts known to the plaintiff, except his interest in said trust property.

The prayer of the bill was for an account; that the assign- ment to Taft might be set aside, or, if held by him as security, that the trust property, after the payment of the debt due to him, might be applied to the plaintiff's debt; that the plain- tiff might not be required to make Marcy, who was beyond the process of the court, a party; for an injunction, and for further relief.    The defendants demurred for want of equity.

The case was heard on the bill and demurrer by *Ames*, J., who reserved the case for the consideration of the full court.

*T. G. Kent*, for the defendants.

*S. H. Tyng*, (*H. E. Fales* with him,) for the plaintiff.

GRAY, C. J.    By the provisions of the will, the trustees take the estate, real and personal, of the testator, (with power to change the investment of any portion thereof, and of the ac- cretions thereon, from real to personal estate, and from per- sonal to real estate,) in trust to pay an annuity of $300 to the testator's mother during her life, and, subject to this provision, to apply such portion of the income, as they may from time to time see fit, to the education and maintenance of the son until he shall reach the age of twenty-five years, and then to convey the estate, with all accretions thereof, to him in fee; provided, that they may in their discretion convey the same or any part thereof to him at any time after his arriving at the age of twenty-one years.    If the son dies before reaching the age of twenty-five years, leaving a widow and children, the trustees are to pay half the income to his widow, and to apply so much of the rest, as

they may from time to time see fit, to the maintenance and education of his children, until the youngest child arrives at the age of twenty-one years, and then to convey the whole estate and all accretions thereof, in equal shares, in fee, to the survivors of the widow and children, and to the issue of any deceased child by right of representation; provided that the same, or any part thereof, concerning which the son shall have made a will after arriving at the age of twenty-one years, shall be disposed of as therein directed. If the son dies leaving no issue or widow, the trustees are to pay the income to the testator's widow for life, and, after her death, convey the remainder in fee to brothers and sisters of the testator.

By the effect of these provisions, the trustees took, in the first place, only an estate for the life of the testator's mother, and an estate for years, determinable on the testator's son's attaining the age of twenty-five years, or on his death before that time; and the son took, after or subject to these estates for life and for years, an estate in fee. *Doe* v. *Nicholls*, 1 B. & C. 336; *S. C.* 2 D. & R. 480. *Smithwick* v. *Jordan*, 15 Mass. 113.

It would seem that this estate of the son was a vested remainder immediately upon the death of the testator, though subject to be defeated by the death of the son before arriving at the age of twenty-five years. *Goodtitle* v. *Whitby*, 1 Burr. 228; *S. C.* 1 Kenyon, 506. *Bromfield* v. *Crowder*, 1 New Rep. 313. *Doe* v. *Moore*, 14 East, 601. *Fox* v. *Fox*, L. R. 19 Eq. 286. *Doe* v. *Considine*, 6 Wall. 458. *Blanchard* v. *Blanchard*, 1 Allen, 223. 4 Kent Com. 204.

But if such estate of the son was in the nature of a contingent remainder, his interest in that contingent estate was vested, and capable of being alienated by him, and of passing by assignment in insolvency or bankruptcy; and this bill may therefore be maintained to apply to the payment of his debts his interest in the property, real and personal, so held in trust. *Gardner* v. *Hooper*, 3 Gray, 398. *Pierce* v. *Lee*, 9 Gray, 42. *Nash* v. *Nash*, 12 Allen, 345. *Minot* v. *Tappan*, 122 Mass. 535. *Sparhawk* v. *Cloon*, ante, 263                    *Demurrer overruled.*