FRANCES E. GREGORY and Another v. LEWIS W. LANSING and Another.[1]

June 23, 1911.

Nos 17,140—(193).

**Depositor's account in bank — estate of nonresident decedent.**
  A deposit account in a bank of this state, which is subject to withdrawal

[1] Reported in 131 N. W. 1010.

by check or surrender of the bank book, held and owned by a nonresident of this state at the time of his death, constitutes property situated in this state, within the meaning of our statutes upon the subject of the administration of the estates of nonresident deceased persons.

**Situs of bank's debt.**

The relation between the bank and the depositor in such a case is that of debtor and creditor, and the situs of the debt as property after the death of the creditor is at the residence of the debtor.

**Will — ademption of legacy.**

The conveyance by the testator, after the execution of his will and before his death, of specific property therein devised to a certain person, the conveyance being to such devisee, is an ademption or satisfaction of the specific legacy, and not a revocation of the will.

**Will.**

As to all other matters, such as the payment of debts, and devises and bequests to other persons, the will remains in force and effect.

An appeal by Frances E. Gregory and Caroline M. Hascall to the district court for Hennepin county from an order of the probate court for that county, which admitted a certain will to probate and appointed Lewis W. Lansing and Joseph P. Lansing executors of the estate, was affirmed, Holt, J. From an order denying appellants' motion for a new trial, they appealed to this court. Affirmed.

*Lewis E. Stetler,* for appellants.

*Frank R. Hubachek* and *George S. Grimes,* for respondents.

BROWN, J.

Cinderella M. Lansing, a widow, on January 17, 1908, was, and for some time prior thereto had been, a resident of the state of Minnesota, and possessed of certain real and personal property located therein. On the date named she duly executed her last will and testament, by which she devised certain specific real property, situated in Hennepin county, to her stepsons, respondents herein, and certain personal property to her two nieces, residents of the state of New York. The will contained no residuary clause, and in consequence all other property owned by her at her death became a part of her general estate, to be administered and distributed according

to law. Thereafter, on July 8, 1909, she conveyed to the devisees, by properly executed deed, the identical real property so devised to them by the will. She subsequently removed to and took up her permanent residence in the state of New York, where she died on February 2, 1910. On April 29, 1910, respondents, stepsons of the deceased, who were named in the will as executors, presented the will to the probate court of Hennepin county, and petitioned for the allowance of the same, and that they be duly commissioned as executors. On the day appointed for the hearing of the petition, appellants, Frances E. Gregory and Caroline M. Hascall, one a resident of New York, the other of the state of Indiana, the nieces of testatrix and her sole heirs at law, appeared and objected to the allowance of the will or the appointment of respondents as executors, on the grounds: (1) That the probate court of Hennepin county had no jurisdiction, testatrix having died a resident of New York, and possessing no property within this state; and (2) that the will had become revoked by operation of law. The probate court overruled the objections and made an order allowing the will and appointing respondents executors thereof. An appeal was taken to the district court, where the order of the probate court was affirmed. Appellants moved for a new trial, and appealed from an order denying the same.

1. The question whether the probate court had jurisdiction to entertain the petition for administration depends upon the further question whether testatrix left any property in this state at the time of her death within the meaning of our statutes. Section 3627, R. L. 1905, provides:

"Wills shall be proved and administration upon the estates of decedents shall be granted: (1) * * * (2) If a nonresident, dying within or without this state, in any county wherein he left property, or into which any property belonging to his estate shall come; and such administration first legally granted shall extend to all the assets of the decedent in this state."

At the time of the death of testatrix she had on deposit in a bank in the city of Minneapolis the sum of $675, which "was subject to withdrawal in whole or in part at any time on demand by check or production of the bank book." The bank book was in her possession

in the state of New York at the time of her death, and is still within that state in the possession of appellants. It does not appear that she possessed any other property or property interest in this state, at the time of her death or since. The only question, therefore, affecting the jurisdiction of the court, is whether the bank account, subject to check, constitutes property having a situs in this state, within the meaning of the statute above quoted.

The authorities seem to answer the question in the affirmative. The general rule is that simple contract debts have, for the purposes of administration, their situs at the residence of the debtor, though prior to the death of the creditor their situs was at his domicil. 1 Woerner, Am. Law of Administration (2d Ed.) 205. Other contracts for the payment of money, such as negotiable promissory notes and bonds, do not come within the rule, and have a situs after the death of the owner wherever found.

The relation existing between the Minneapolis bank and the testatrix in her lifetime was that of debtor and creditor, and though the deposit, a debt due her, then had its situs at her residence in New York, upon her death it changed to that of the residence of the debtor, and became, for the purposes of administration of her estate, property within this state. 1 Woerner, Am. Law of Administration (2d Ed.) §§ 205, 309; Beers v. Shannon, 73 N. Y. 292; Partnership Estate of Ames, 52 Mo. 290; Kohler v. Knapp, 1 Bradf. Sur. (N. Y.) 241; Saunders v. Weston, 74 Me. 85; Vaughn v. Barret, 5 Vt. 333; 26 Am. Dec. 306. Or, as expressed by the supreme court of Mississippi, "personal property, whether of a tangible or intangible character, is considered as located, for the purposes of administration, in the territory of that state whose laws must furnish the remedies for its reduction to possession." Speed v. Kelly, 59 Miss. 47.

The bank account is therefore property within this state and sufficient to confer upon the probate court jurisdiction to allow the will of testatrix and the administration of the estate in so far as necessary for the payment of debts due to creditors in this state. When that has been accomplished, the succession and distribution of what remains is controlled by the laws of New York, the residence of testatrix at the time of her death. Putnam v. Pitney, 45 Minn. 242,

47 N. W. 790, 11 L.R.A. 41. And it should be surrendered to the administrator of the estate appointed by the courts of that state.

The contention that there are no creditors resident in this state for whose benefit administration of the estate should be had is not sustained. The record discloses at least one valid claim, namely, the funeral expenses of decedent. The claim of one of respondents for board and lodging furnished testatrix in her lifetime is apparently without merit, though, of course, we do not so determine. There is at least one valid claim, and others may be produced, and it cannot be held as a matter of law that the sole purpose of the proceeding is to absorb the estate, and that there is in fact no occasion or necessity for administration in this state when like proceedings are pending in the state of New York.

2. The contention that the will has been revoked by operation of law is not sound. This contention is founded upon the fact that after the execution of the will and before her death testatrix conveyed to respondents the specific property devised to them, and the further fact that since her death the nieces, beneficiaries by the terms of the will, have adjusted their rights in the manner provided for by the will. The conveyance of the property to respondents constituted what the books term an ademption or satisfaction of the particular devise, and was not in contemplation of law a revocation of the will. Aubert's Appeal, 109 Pa. St. 447, 1 Atl. 336; 2 Woerner, Am. Law of Administration (2d Ed.) § 446. Nor did the adjustment of the rights of the other legatees after her death have such effect.

At the time of her death testatrix's will remained as originally executed, save that the devise to respondents had been adeemed. It directed the appointment of respondents as executors, that all the debts be paid, and that the bequest to the nieces be discharged in the manner therein provided. While nothing now remains for the executors to do, except the payment of debts due to creditors in this state, the will remains in force for that purpose, and respondents were properly appointed executors thereof.

Order affirmed.