[No. 2076, February 23, 1918.]

## MORGAN v. DOUGHTON.

### SYLLABUS BY THE COURT.

1. The prayer is no part of the pleading, and cannot be used as a test to determine the nature of the cause of action stated.                                    P. 276

2. Atacks upon the sufficiency of a complaint, made for the first time on appeal, will be determined in the light of the rule that the complaint will be liberally construed in order to uphold the judgment, and if it contains allegations from which every fact necessary to maintain the action may be inferred, it will be sustained.                P. 277

3. Where there is substantial evidence to support findings and judgment of trial court, same will not be disturbed on appeal.                                P. 277

Appeal from District Court, Curry County; Richardson, Judge.

Action by J. W. Morgan against C. F. Doughton. Judgment for plaintiff, and defendant appeals. Affirmed.

W. A. HAVENER and ROWELLS & REESE, all of Clovis, for appellant.

A. W. HOCKENHULL, of Clovis, for appellee.

## OPINION OF THE COURT.

PARKER, J. From a judgment rendered against him in the district court for the county of Curry, the appellant, C. F. Doughton, has perfected this appeal.

The complaint, eliminating surplusage and matter of evidence, alleged, in substance and effect, that appellant and appellee, W. J. Morgan, about November 20, 1914, entered into a verbal contract by the terms of which appellant agreed to deliver to appellee 100 head of cattle, and appellee agreed to feed the same on premises controlled by him; that appellant was to "shrink" said cattle for 24 hours prior to delivery to appellee, then weigh the same and deliver·same to appellee; that appellee was to feed said cattle from stock feed then owned by him and in his possession, the same constituting appellee's 1914 crop, until the same was consumed, whereupon said cattle were to be weighed and returned to appellant; that for such service appellee was to receive compensation sufficient, appellant assured him, to pay off and discharge a certain note and mortgage held by appellant against the appellee; that 60 head of cattle were delivered to appellee, under the terms of said contract, and fed by the latter until his crop was consumed, whereupon an additional verbal contract was made by the parties, by the terms of which appellee continued in the possession of said cattle, the appellant agreeing to pay for feed purchased by appellee for the continued feeding of said stock, appellee agreeing to haul the same; that appellee was compelled to haul said feed, employ labor and two teams, at a reasonable cost of five dollars per day, which he did for 55 days, when said cattle were shipped to market by appellant. Numerous other facts are alleged tending to show, among other things, that the cattle were watered immediately preceding the time when they were first

weighed and delivered to appellee; that appellant asserts that appellee is indebted to him in the sum of $112 on account of this transaction, and that he refuses to cancel said note and mortgage. Cancellation of the note and mortgage was prayed, as well as an injunction restraining the foreclosure thereof, and a money judgment in the sum of the said note and mortgage, together with $100 on account of appellant's failure to shrink said cattle and $275 for labor performed in feeding and caring for said cattle for said 55 days. An accounting was also prayed.

Appellant answered, denying the material allegations of the complaint, and alleging that appellee agreed to feed said cattle at his own expense, and receive as his compensation therefor the market value of the flesh put on said cattle by such feeding as such market price existed in Kansas City, Mo., when the cattle were delivered there; that after appellee's feed was exhausted appellant loaned appellee a sum of money to purchase additional feed; that a settlement was subsequently made between the parties, whereby it was found that appellee was indebted to the appellant in the sum of $112, which has not been paid. Appellant asked that he have judgment for that sum.

[1] The appellant contends that the complaint stated no cause of action because it pretended to state facts showing an equitable cause of action to exist in favor of appellee, without disclosing that he did not have an adequate remedy at law. But little need be said in this regard. The complaint does not seek equitable relief. The facts stated therein indicate that appellee was attempting to recover upon two causes of action, both in law, and not in equity. There was a misjoinder of causes, in that two causes were stated in a single count. Advantage was not taken of this, however. One count was for money due under the first contract; the other for the value of labor under the second contract. The prayer, it is true, sought relief which could only be given in a court of equity, but the prayer is no part of

the pleading, and cannot be used as a test to determine the nature of the cause of action stated. Burnham-Hanna-Munger Dry Goods Co. v. Hill, 17 N. M. 347, 354, 128 Pac. 62.

[2] Appellant argues that the complaint does not allege that there is anything due to appellee on account of the increased weight placed on said cattle by his feeding of them, and that no contract is alleged to exist whereby appellant became bound to pay $5 per day for labor connected therewith. Neither proposition was urged against the complaint in the trial court, and consequently the complaint will be liberally construed in order to uphold the judgment, and if it contains allegations from which every fact necessary to maintain the action may be inferred, it will be sustained. Cleveland v. Bateman, 21 N. M. 675, 683, 158 Pac. 608.

The complaint alleges facts sufficient to show that appellee, under the first contract, was to receive compensation for his feed and services in an amount sufficient to pay off and discharge the note and mortgage held by appellant, the fixing of the compensation being based upon the value of the increased weight put upon the cattle by appellee. The facts inferrable from what is alleged disclose that such sum was due and unpaid. With reference to the second verbal contract having to do with the care and feeding of the cattle after the first contract had expired, there is sufficient alleged to entitle appellee to recover at the value of the labor performed in connection therewith. The same conclusion follows with reference to appellant's argument that the complaint does not sustain the judgment with reference to damages under the first contract.

[3] Appellant attacks the sufficiency of the evidence to support the findings and judgment to the extent of holding that appellee was entitled to compensation for feeding and taking care of said animals for about 60 days after the expiration of the first contract. There is substantial evidence to support the finding and judgment; hence the same will not be disturbed on appeal.

Exception is taken to the refusal of the trial court to accept the second finding proposed by appellant. It constituted a statement of appellant's version of the second verbal contract. The terms thereof were in dispute, and there was a conflict of evidence thereon. It was a matter of fact for the determination of the trial court, and conclusion of the trial court thereon, being sustained by substantial evidence, will not be disturbed on appeal. The finding as tendered contained matter which the trial court determined was not true, and consequently it properly refused to accept it.

The trial court, in effect, held that appellee was entitled to the reasonable value of labor made necessary in caring for said cattle after the expiration of the first contract. Appellant argues that he was entitled to a judgment for the difference between the value of the feed purchased by him and the value of the gain in weight placed on the cattle, amounting to $62, because no contract was made by the parties with reference to caring for the cattle at that time. The argument is based upon a false premise, in that the trial court held, and the finding is supported by substantial evidence, that while no "specific contract" was made between the parties, still the "plaintiff, at the request of the defendant continued to hold and feed said cattle for about 60 days longer."

For the reasons stated, the judgment of the trial court is affirmed; and it is so ordered.

HANNA, C. J., and ROBERTS, J., concur.

[No. 2021, Jan. 14, 1918.]
(Rehearing Denied Feb. 23, 1918.)
## JACKMAN v. ATCHISON, T. & S. F. R. CO.

### SYLLABUS BY THE COURT.

1.   Where a railroad company has complied with the provisions of Act Cong. March 3, 1875, c. 152, 18 Stat. 482 ( U. S. Comp. St. 1916, §§4921-4926), and the Secretary