## GUADALUPE COUNTY BOARD OF EDUCATION v. O'BANNON.

[No. 2436, Jan. 14, 1921.]

### SYLLABUS BY THE COURT.

1. A complaint in specific performance, based upon a contract of A. to convey property to B. when he acquired the legal title, and the ratification thereof by C., is insufficient, where it does not allege the relation of principal and agent, express or implied, between B. and C., and the vesting of the legal title in B.    P. 609

2. "Ratification" means giving validity to the act of another, and in legal phraseology usually means to approve or affirm by a principal what has been done by an agent or one assuming to act for another.    P. 610

3. "Specific performance" is the actual accomplishment of a contract by a party bound to fulfill it, and is a means of

compelling a party to do precisely what he ought to have done without being coerced by a court.          P. 610

Appeal from District Court, Guadalupe County; Leahy, Judge.

Action by the Guadalupe County Board of Education against Joseph N. O'Bannon. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

F. Faircloth, of Santa Rosa, for appellant.

E. R. Wright, of Santa Fé, and M. R. Baker, of Santa Rosa, for appellee.

## OPINION OF THE COURT.

PARKER, J.  This is an appeal by the Guadalupe County Board of Education, a corporation, from a judgment rendered in the district court for Guadalupe county, dismissing its complaint against the appellee.

A proper understanding of the case makes it necessary to set forth in detail portions of the pleadings. The complaint, after alleging the character of the appellant and the residence of the appellee, proceeded as follows:

"That the plaintiff herein   *   *   *   is the owner in fee simple of the following described and numbered lands and real estate, to wit: [Then follows description of land, constituting about one acre.]

"That on or about the —— day of September, A D. 1908, —— had a valid filing on, and was in possession of, under the laws of the United States of America, the following described *   *   *   land. [Then follow description of a tract of land embracing the one acre of which appellant claimed to be the owner.] That while he had such filing, and while he was in possession of such lands,   *   *   *   and for the consideration hereinafter named, he delivered to school district No. 26,   *   *   *   the land and real estate (described above and constituting one acre) upon the consideration that said school district No. 26 would build thereon a substantial schoolhouse and maintain a school therein,   *   *   *   and that thereafter, when he received a patent for said lands from the United States of America, he would deed [the said acre of land] to school district No. 26.   *   *   *

"(5) That ever since the —— day of September, A. D. 1908, school district No. 26   *   *   *   has had the possession of and have [has] constructed upon and maintained a substantial school building thereon, and have [has] had a school therein, in accordance with the laws of the state of New Mexico.

"(6) That thereafter, on or about the —— day of September, A. D. 1910, Joseph N. O'Bannon, with full knowledge

of the contract  *   *   *  aforesaid, and with full knowledge of the possession and occupation of said premises by said school district,  *   *   *  entered and filed upon said described *   *   *  lands, and that thereafter, on the 27th day of November, 1914, he received the patent of the United States of America for said lands.  *   *   *

"(7) That the said Joseph N. O'Bannon has refused and still refuses to deed the said described  *   *   *  lands to school district No. 26, or to the plaintiff herein, although he fully acquiesced in the contract  *   *   *  aforesaid and fully ratified the same, although due demand has been made for said deed.

"Wherefore plaintiff prays for judgment that the defendant be required to convey to the plaintiff, by a good and sufficient deed of conveyance, said described  *   *   *  land, pursuant to the contract and agreement aforesaid.  *   *   *"

To the complaint the appellee filed a demurrer upon the following grounds: (1) That the complaint did not state facts sufficient to constitute a cause of action; (2) that the complaint does not allege that defendant made an agreement or memorandum in writing by which he bound himself to convey said property, nor is there any allegation in the complaint showing that any consideration was received by defendant; (3) that the complaint does not allege that the plaintiff has paid or offered to pay defendant any money or thing of value as full or part payment for said land; (4) that the deed of the defendant would be insufficient to convey said property, in that defendant is a married man, and therefore there is a defect of parties defendant; and (5) that plaintiff alleges it is the owner in fee simple of said lands but fails to show title thereto. The demurrer was sustained, the appellant stood upon the complaint, and judgment of dismissal was rendered.

The pleadings in this case illustrate the difficulty which frequently occurs under the code system of pleading, in determining the nature of the cause of action stated. The prayer of the complaint, which is really no part of the pleading (Beals v. Ares, 25 N. M. 459, 185 Pac. 780), discloses that the pleader proceeded upon the theory that the suit was in specific performance and not to quiet title. Evidently the case was so treated by both parties and the trial court.

The complaint, reduced to its lowest terms, alleged simply that X, an unknown or unnamed person, under an entry of lands under the laws of the United States, delivered the property to the appellant and verbally agreed with the school district that when he ¡became possessed of the legal title to the land in dispute he would convey the same to the appellant, in the event the appellant would erect a school building thereon and continue to maintain a school therein; that the appellant performed the conditions. of said agreement; that X, the unknown party, was succeeded as an entryman of said land by the appellee, who "acquiesced" in and "ratified" the said contract, with full knowledge of the possession and occupation of the property by the appellant and received patent for said land subsequent thereto, but refused to perform the covenants of said agreement.

[1] We apprehend that the appellant has mistaken his cause of action. To give effect to the language of the complaint is all that we are required to do to sustain the judgment of the trial court. The action did not proceed upon the theory of novation; i. e., as applied to this case, that the contractual obligations of X., the unnamed party to the agreement, were assumed by the appellee, and that thereafter the agreement stood as though the appellee was an original party thereto. To the contrary, however, the action proceeded upon the theory that the appellee "ratified" the contract between X. and the appellant. Under that contract X. undertook to make conveyance of the land when he was vested with its legal title, when the conditions of the contract, obligatory upon the appellant, had been fulfilled, and, under the allegations of the complaint, that is all that was "ratified" by the appellee. By the ratification the appellee did not agree to execute a deed for the premises when he, the appellee, acquired title thereto, but agreed that X. might execute a deed therefor when he (X.) obtained the legal title. There is no

allegation in the complaint that X. obtained the legal title.

[**2**] Ratification means to give validity to the act of another, and in legal phraseology usually means to approve or affirm by a principal what has been done by an agent or one assuming to act for another. There must be some relation, actual or assumed, of principal and agent. See 7 Words and Phrases, 5928 et seq.; 4 Words & Phrases, Second Series, 123 et seq. No such relation between X., the unnamed party, and the appellee was alleged to exist in the complaint.

[**3**] Specific performance is the actual accomplishment of a contract by a party bound to fulfill it, and is a means of compelling a party to do precisely what he ought to have done without being coerced by a court. 25 R. C. L. 203. There are no means in this case by which an action against the appellee will compel the performance of the contract by X., nor under the pleadings could X. be compelled to perform, because it does not appear that he was ever vested with the title to said land.

The appellant argues this case solely upon the premise that the acts of X., the unknown and unnamed entryman, amounted to a common-law dedication of the property in question and the vesting of title thereto in the public, the school district, or the county board of education. Appellant also argues that the appellee acquired the land from the United States by false and fraudulent representations, and hence a constructive trust arose in favor of the appellant. There is no allegation in the pleadings to support any such theory. If it were true that a common-law dedication was made of this property by X., appellant's remedy would have been a suit to quiet title, not a suit for specific performance. In conclusion, we note that appellee was a married man, and consequently could not convey the title to the premises without the joinder of his wife. No such question is properly here, because the facts set up as to marriage

do not appear upon the face of the complaint, and the objection should have been taken by way of answer.

The judgment of the trial court will therefore be affirmed; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.