[No. 2783.. May 9, 1924. Rehearing Denied
June 16, 1924.] `

## BROWN v. HELLER et al.

### SYLLABUS BY THE COURT.

1. An attack upon a will upon the ground that its execution was induced by improper and undue influence cannot be begun originally in the district court, by an action in equity to cancel and annul it, but must originate in the probate court, and it can reach the district court only by appeal from an order holding the will valid, or by being certified thereto by the probate judge upon his order declaring the will to be invalid.

2. A complaint which attacks a will and a deed upon such grounds states no cause of action against the will, but does state an equitable cause of action to cancel the deed.

3. Parties to an equitable action are not entitled, as a matter of right, to a trial by jury.

4. Denial of a trial by jury cannot be reviewed, when no exception to such action is taken.

5. Findings of fact which are supported by substantial evidence will not be disturbed on appeal. Record reviewed and **held** certain findings are supported by substantial evidence.

6. Section 5867, Code 1915, provides that a will may be revoked by an instrument in writing, executed and attested in the same manner as is required in the execution of a will, in which the maker shall distinctly refer to such will and declare his revocation thereof, or it may be revoked by a subsequent valid will disposing of the same property covered by the previous one.

7. The two methods laid out in the statute are not

exclusive, however, and wills may be revoked by operation of law.

8. A will is impliedly revoked, and the property adeemed from its operation and effect, where the testator, subsequent to its execution, voluntarily conveys such estate by an absolute deed of conveyance, not because the will is invalid, but because there is no estate left upon which it can operate nor to which it can pass title.

9. A deed, however, which is executed pursuant to the exercise of improper and undue influence, cannot serve to revoke a will previously made devising such property, nor to adeem such property from the effect of such a will.

Appeal from District Court, McKinley County; Ryan, Judge.

Suit by Charles Leibalt Brown, an infant, by Irene Brown, his mother and next friend, and another, against Louise B. Heller and another. From a judgment for plaintiff, defendants appeal. Affirmed in part, and reversed and remanded in part, with directions.

A. T. Hannett, of Gallup, and H. B. Jamison, of Albuquerque, for appellants.

Appellants were entitled to a jury trial. Secs. 4193 and 4197, Code of 1915; Pankey v. Ortiz, 26 N. M. 575.

There is no evidence to support the court's finding that Mrs. Heller was the dominant party and that Brown executed the instrument in question under her dominance. Gilmore v. Lee, 237, Ill. 402, 86 N. E. 586, 127 A. S. R. 321; Stringfellow v. Hanson, 71 Pac. 1052; Hemenway v. Abbott, 97 Pac. 191.

Under any aspect of the case, the improvements were made in good faith. Williams v. Harlan, 88 Md. 1, 41 Atl. 51, 71 A. S. R. 394; Goan v. McMahon, 115 Md. 195, 80 Atl. 695, Ann. Cas. 1912C 1260; Leake v. Hayes, 13 Wash. 213, 43 Pac. 48, 52 A. S. R. 34; Ward v. Ward's Heirs, 40 W. Va. 611, 21 S. E. 746, 52 A. S. R. 911, 29 L. R. A. 449.

To the effect that a lien may be given see: Pomeroys Equity Jurisprudence, Vol. 3, par. 1240; Jackson v. Vicksburg S. & S. Ry. Co., 99 U. S. 513, 25 L. Ed. 460.

As to the amount of undue influence which must be proved. 18 C. J. 237, Note 76; Howard v. Farr, 115 Minn. 86, 92, 131 N. W. 1071.

It must appear that the undue influence was exercised at the time the act referred to was done and controlled it. 18 C. J. 237; Kline v. Kline, 14 Ariz. 369, 375; 128 Pac. 805; Turner v. Gumbert, 19 Ida. 339, 114 Pac. 33; Valbert v. Valbert, 282 Ill. 415, 118 N. E. 738; Wilcoxon v. Wilcoxon, 165 Ill. 454, 46 N. E. 369; Garner v. Garner, 4 Ky. L. 823; Turner v. Turner, 44 Mo. 535; Harshaw v. McCombs, 63 N. C. 75.

There is no presumption of undue influence from the mere fact of confidential relationship, Mackall v. Mackall, 135 U. S. 167; Towson v. Moore, 172 U. S. 17; Burton's Admr. v. Burton, 82 Vt. 12; Hawthorne v. Jenkins, 182 Ala. 255, 62 So. 505, Ann. Cas. 1915D 707; Sawyer v. White, 122 Fed. 223; Burwell v. Burwell, 49 S. E. 68; Orr v. Pennington, 93 Va. 268, 24 S. E. 928; Oliphant v. Liversidge, 142 Ill. 160, 30 N. E. 334; Prescott v. Johnson, 97 N. W. 891; Wessell v. Rathjohn, 89 N. C. 377, 45 Am. Rep. 696; Yeakel v. McAtee, 156 Pa. St. 600, 27 Atl. 277; Clark v. Clark, 174 Pa. St. 309, 34 Atl. 610, 619; Saufley v. Jackson, 16 Tex. 579; Haynes v. Harriman, 117 Wis. 132, 92 N. W. 1100; Vance v. Davis, 118 Wis. 548, 95 N. W. 939.

As to credits to be allowed a trustee. 26 R. C. L. par. 254, p. 1389; 39 Cyc. pp. 478-479, note 14; 7 R. C. L. par. 38, p. 842; Williams v. Harlan, 88 Md. 1, 41 Atl. 51, 71 A. S. R. 394; Hogan v. McMahon, 115 Md. 195. 80 Atl. 695, Ann. Cas. 1912C 1260; Leake v. Hayes, 13 Wash. 213, 43 Pac. 48, 52 A. S. R. 34; Ward v. Ward's Heirs, 40 W. Va. 611, 21 S. E. 746, 52 A. S. R. 911, 29 L. R. A. 449; Pomeroy's Equity Jurisprudence, Vol. 3, par. 1240 and cases cited.

Marron & Wood, of Albuquerque, and Bert D. Richards, of Gallup, for appellees.

The original judgment on the facts presented was a

final judgment upon all the issues made by the pleadings and became unquestionable upon the expiration of the six months period without any appeal being taken. Fullen v. Fullen, 21 N. M. 212; 1 Black on Judgments, Sec. 24; Forgay v. Conrad, 6 How. (U. S.) 201; St. Louis etc. Co. v. Southern Express Co., 108 U. S. 24; Mills v. Hog, 7 Paige (N. Y.) 18; Smith v. Walker, 57 Mich. 456; Damouth v. Klock, 28 Mich. 163; Schwartz v. Garhardt, 44 Ore. 425; Marguam v. Ross, 78 Pac. 698; Hunt v. Stockton Lumber Co., 113 Ala. 387; Neall v. Hill, 16 Cal. 146; Allison v. Drake, 145 Ill. 500; McMurray v. Day, 70 Ia. 671; Waverly Land Co. v. Buck, 64 Md. 338; Ayer v. Ternatt, 8 Minn. 96; Arnold v. Sinclair, 11 Mont. 556; France v. Bell, 52 Neb. 57; Merle v. Andrews, 4 Tex. 200.

The court ruling that the case was in equity and tryable without a jury was correct, and was acquiesced in by all parties, and no objection or protest made at the time or during the subsequent trial. 16 Cyc. 81, 83.

Undue influence need not as a rule be shown by direct proof, but must be gathered from all the circumstances. 29 A. & Eng. Enc., 2nd Ed., 110 and cases cited.

Although the mere fact of the relation of parent and child does not raise a presumption, at least against the child, of undue influence, yet a conveyance from the weaker to the dominant party is presumed to result from undue influence. Note in 38 Ann. Cas. at 712; Beach Mod. Eq. Jur., 125; Stepp v. Friampton, 179 Pa. 284; 2 Words & Phrases 1423, and 1 Supplement 885 and 886; Note 11 A. L. R. 735.

A fraudulent guarantee of land is not entitled to credit or to reimbursement for debts of the guarantor paid in pursuance of an agreement and as part of the consideration for the fraudulent transfer. Davis v. Leopold, 87 N. Y. 620; Union Nat. Bank v. Warner, 12 Hun. 306; Boyd v. Dunlap, 1 Johns Ch. 478; Briggs v. Merrill, 58 Barb. 302., Smith v. White, 27 N. Y. S. 228; Biggins v. Lambert, 213 Ill. 625; 20 Cyc. 639; 12 R. C. L. 643; Alvarado M. & M. Co. v. Warnock, 25 N. M. 694; Sands v. Godwise, 4 Johns. (N. Y.) 536; Milling-

ton v. Hill, (Ark.) 1 S. W. 547; Burt v. C. Gotzian & Co., 102 Fed. 937; Bunch v. Hart, (Ind.) 37 N. E. 537;. Morley Bros. v. Springer, (Mich.) 95 N. W. 978; Byrns v. Volz, (Minn.) 54 N. W. 942; Kohl v. Sullivan, 140 Pa. 35, 21 Atl. 247; M. & M. Ry. Co. v. Soutter, 80 U. S. 517, 20 L. Ed. 543.

J. F. Simms, of Albuquerque, H. C. Denny, of Gallup, and J. O. Seth, of Santa Fe, amici curiae.

## OPINION OF THE COURT.

BRATTON, J.   Charles L. Brown died in Gallup, possessed of an estate of considerable value.   He had been twice married.   His first wife died, leaving as the only issue of that amrriage the appellant Louise B. Heller.   The appellee Irene Brown was his second wife.   On December 6, 1916, he secured a decree of divorce from her in which she was given a judgment for alimony at the rate of $10 per month, to begin one month after the delivery of the child of which she was then pregnant, and in which decree all property rights between the spouses were fully and finally settled and determined.   Thereafter the appellee Charles Leibalt Brown was born, and he is the only issue of the second marriage, thus making the two children, Louise B. Heller and Charles Leibalt Brown, the sole heirs at law of Charles L. Brown deceased.

On April 21, 1917, and after the deceased had been divorced from his second wife and their property rights had been settled, he executed and published what purported to be his last will and testament, by which he gave to his infant son $300, with certain directions concerning its expenditure, and gave the remainder of the estate to his daughter.   At the same time he executed a deed by which he conveyed to his daughter all the property which he then or at the time of his death owned, and these two instruments were placed in a bank in Gallup, where they remained until shortly before Brown's death, when they were delivered to him and later appeared in the custody of the daughter who claims under them.

This suit was brought by the infant son, Charles

Leibalt Brown, acting by and through his mother as next friend, joined by her in her individual capacity, to set aside, vacate, cancel, and annul both of said instruments upon the theory that their execution and delivery was obtained by force, fraud, undue influence, improper and undue persuasion, compulsion, and by overreaching the will of said Brown. The son sought to recover his share of the estate and the mother, in her individual capacity, to collect the monthly installments upon her judgment which had accured since Brown's decease.

The appellants denied that the instruments were executed under the circumstances pleaded by the appellees, and affirmatively charged that they were executed without the knowledge of the daughter and in consideration of the love and affection which the deceased bore for her, and, further, that the estate was not liable for anything upon the judgment in favor of Irene Brown since the death of Charles L. Brown.

The trial court filed a carefully prepared opinion, followed by full findings of fact and conclusions of law, wherein he found that the deed was secured in the manner and by the processes charged in the complaint, and was therefore invalid, because tarnished with fraud, and hence by decree dated October 13, 1920, it was not canceled and vacated but a trust was impressed upon the half interest which belonged to the minor son. The court further concluded that the will was adeemed by the deed, and that the two children were entitled to inherit equally from their deceasd father; that the daughter should be deemed to be a trustee for the benefit of the other child. She was directed to make an accounting of the receipts and disbursements since the death of her father, and following this, and on June 26, 1922 judgment was rendered in favor of the son for the sum found to be due him, from which this appeal has been taken.

Preliminary to our consideration of the questions involved, we note the suggestion of the appellees that the first decree and the proceedings leading up thereto are not properly before us, because it is a final

judgment and was not separately appealed from in the manner and within the time prescribed by law. At the time that decree was entered, the parties filed a written stipulation waiving the requirement that a separate appeal from that decree should be taken, and expressly agreeing that the entire record might be reviewed upon this single appeal. Having thus agreed, we shall consider the entire case in accordance therewith.

[**1, 4**] 1. At the outset, the appellants contend that the trial court erred in denying them a trial by jury. A jury was regularly impaneled, and afterwards the court concluded that the suit was one in equity, that the parties were not entitled to jury trial as a matter of right, and thereupon the jury was discharged and the trial proceeded before the court. The suit was necessarily and essentially one in equity to vacate the deed upon the grounds stated. It could not be said to be a suit to vacate the will, because the district court had no jurisdiction to try the issues tendered by the complaint concerning the will, as an attack of this kind upon a will cannot be instituted originally in the district court, but must begin in the probate court, and it can only reach the district court by an appeal taken pursuant to a finding the will is valid, or by being certified thereto by the probate judge upon his finding that the will was invalid. These are the only ways by which proceedings attacking the validity of a will upon the grounds charged here can reach the district court. Sections 5879-5883, inclusive, Code 1915; Miera et al. Akers et al., 25 N. M. 508, 184 Pac. 817. The complaint therefore stated no case of action as against the validity of the will, and the trial court evidently so regarded the same, because he did not determine its validity, as we shall see later. The action being essentially one to cancel the deed upon the enumerated grounds, it was necessarily a proceeding in equity, and therefore the parties were not entitled, as a matter of right, to a jury trial. The right to a trial by jury in equity cases is discretionary with the trial court, and a denial thereof is not a reversible error. The court did not, therefore, err in discharging the

jury. Young et al. v. Vail et al., 29 N. M. 324, 222 Pac. 912, and Owen v. Thompson et al., 224 Pac. 405, decided by us under recent date and not yet officially reported. This assignment is without merit, for the additional reason that no objection or exception was taken to the action of the trial court in discharging the jury and proceeding with the trial before the court. On the contrary, all parties proceeded without objection or exception and thereby fully acquiesced in the action of the court, and for this further reason appellants cannot now be heard to complain.

2. It is next urged that the findings of the court with reference to the deed being obtained by the exercise of undue and improper influence, with the wrongful and fraudulent motive and purpose of inducing the deceased to disinherit his infant son, are erroneous. This contention proceeds upon the theory that the court reached such conclusion by finding that a confidential or fiduciary relation existed between the parties at the time said deed was executed, and from these facts presumed the existence of undue and improper influence. While some expressions may be found in the record indicating that the court entertained such belief, yet it appears from the findings that such influence was affirmatively found to exist without reference to any confidential or fiduciary relation. This finding of fact was made:

"That the said Charles Brown was induced and influenced by the defendant Louise Brown Heller to make the said will and to make and deliver the said deed, wrongfully, fraudulently, and by the exercise of undue and improper. influence exerted upon him by the defendant Louise Brown Heller, with the improper, wrongful, and fraudulent motive and purpose of inducing and which did induce, influence, and control the said Charles Brown to disinherit his child, the plaintiff Charles Leibalt Brown, and make no substantial provision for the care, support, or maintenance of the said child, and to disregard the claims and rights of the said child as a proper object of his bounty and instead to give his entire property and estate to the said defendant Louise Brown Heller."

[5] From this it appears that the existence of such influence and wrongful and fraudulent purpose was

expressly and affirmatively found. And from our careful review of the evidence, we think such finding is supported thereby. Under the now familiar rule of this court, declared in so many cases, it will not be disturbed on appeal.

[**6, 7**] 3. The next question presented for our consideration is the correctness of the trial court's view that by the execution and delivery of the deed, by which Brown conveyed all of the property of which he was then and at the time of his death seized, said property was adeemed and taken out of the provisions of the will, and that thereby said will was impliedly revoked. It is provided by statute in this state that a will may be revoked by an instrument in writing, executed and attested in the same manner as is required in the execution of a will, in which instrument the maker shall distinctly refer to such will and declare his revocation thereof, or it may be revoked by subsequently executing a valid will disposing of the same property covered by the previous one. Section 5867, Code 1915. But the two methods laid out in the statute are not exclusive, and it is settled in this jurisdiction that, under the common-law rule, wills may be revoked by operation of law in other ways than those specified in such statute. Teopfer v. Kaeufer, 12 N. M. 372, 78 Pac. 53, 67 L. R. A. 315.

[**8**] We may say generally it is firmly established, both at common law in England and under the common-law rule in this country, that where a testator, subsequent to the execution of his will specifically devising his estate, voluntarily conveys such estate by an absolute deed of conveyance, the will is impliedly revoked, and the property thereby adeemed from its operation. This rule has been frequently applied in cases where the deed conveyed only a part of the estate, and in such instances it is construed as an implied revocation pro tanto, but it has equally specific and direct force in a case of this kind where the testator conveys his entire estate by his deed executed subsequent to the will. This must necessarily be the rule

because there is nothing left upon which the will can operate. There is no estate for it to affect. There is no property to pass under its terms; it is nothing but an idle ceremony, and the testator must be deemed to have kept these facts in mind when he executed such deed. What force or effect could he have intended his will to have after parting with the title to his entire estate? How could he have further intended that it should pass title to his property as he had directed, when he thereafter had nothing to give, devise, or bequeath? 4 Black. Com. §§ 528, 529; 1 Jarman, Wills, p. 167; Rood, Wills, §§ 368, 369; Schouler, Wills, § 651; 1 Waerner, Administration, § 53, p. 146; 28 R. C. L. Wills, § 151, p. 191; Lang v. Vaughn et al., 137 Ga. 671, 74 S. E. 270, 40 L. R. A. (N. S.) 543, Ann. Cas. 1913B, 52; American Trust & Banking Co. v. Balfour, 138 Tenn. 385, 198 S. W. 70, L. R. A. 1918D, 536; Evans v. Minn Trust Co. et al., 145 Minn. 252, 177 N. W. 126, 8 A. L. R. 1631; and the many cases cited in the notes thereto.

It is held by some courts that, where the will devises the property to the same person to whom it is subsequently conveyed by deed, no ademption or implied revocation occurs, that the deed is to be regarded as confirming the will, because there is no inconsistency between the two, and that the will is not impliedly revoked nor the property adeemed from its operation unless there be something in the subsequent conveyance inconsistent with the terms of the will, thereby evidencing a different purpose and desire on the part of the testator from that contained in the will. See Wells v. Wells, 35 Miss. 638; Caine et al. v. Barnwell, 120 Miss. 209, 82 South. 65; Aubert's Appeal, 109 Pa. 447, 1 Atl. 336; Pickett et al. v. Leonard, 104 N. C. 326, 10 S. E. 466. But by the weight of authority, it is held that a conveyance by the testator, subsequent to the execution of the will, of property devised therein, removes such property from the operation of the will, and of necessity operates as an ademption of such property, and effects a revocation of such will to the extent of the property conveyed. Hence, if a part only of the property affected by the will is conveyed, the

ademption is limited to such part, and the revocation
is partial or pro tanto, the remaining parts of the will
still being effective, but, if all of the property affected
by such will is conveyed by deed, a complete or total
revocation is wrought. This is not due to any in-
firmity of the will or lack of its validity in law, but
because the entire estate is withdrawn from its oper-
ation, and it becomes impossible for it to affect or
pass title to anything. This rule obtains whether the
property is conveyed to the devisee or donee in the
will or to a third person. This conclusion seems ir-
resistible when we pause to consider the real purport
and effect of a will which is merely the designation or
appointment of some one to take certain property
which belongs to the testator at the time of his death.
The necessary consequence that he must own such
property at the time of his decease is indeed indis-
pensable in order that the will have any effect what-
ever. If the devised property is conveyed to the de-
visee, such will can have no effect thereafter, because
the deed takes effect from its execution and delivery,
while the will can have no effect until the death of
the testator, with the inevitable result that there can
then be no estate so far as the lands devised and con-
veyed are concerned, upon which the will can operate
or to which it can pass title. 28 R. C. L. Wills. § 151,
p. 193; 40 Cyc. 1205-1209; Kean's Will, 39 Ky. (9
Dana) 25; Rose v. Rose, 7 Barb. (N. Y.) 174; Arthur
v. Arthur, 10 Barb. (N. Y.) 9; Woolery v. Woolery,
48 Ind. 523; Gage v. Gage, 12 N. H. 371; Gregory et
al. v. Lansing, 115 Minn. 73, 131 N. W. 1010; Miller v.
Klossner et al., 135 Minn. 377, 160 N. W. 1025; Gore
v. Ligon, 105 Miss. 652, 63 South. 188; Watson v.
McLench, 57 Or. 446, 110 Pac. 482, 112 Pac. 416;
Conn. Trust & Safe Deposit Co. v. Chase et al., 75
Conn. 683, 55 Atl. 171; Davis v. Close, 104 Iowa, 261,
73 N. W. 600; in re Miller's Will, 128 Iowa, 612, 105
N. W. 105; Hall v. Hall, 132 Iowa, 664, 110 N. W. 148;
Rice et al. v. Rice et al. (Iowa) 119 N. W. 714; Phil-
lippe et al. v. Clevenger, 239 Ill. 117, 87 N. E. 858, 16
Ann. Cas. 207.

4.    As we understand the contention of the appel-

lants, however, they do not question the correctness of
the general rule that we have just declared, but say
that this case falls within an exception thereto, namely,
that a deed which is obtained by the exercise of undue
and improper influence or by over-reaching the will
of its grantor cannot serve to adeem the property
thereby conveyed from the operation of a will previous-
ly made, nor can it affect an implied revocation of
such will, either total or pro tanto—depending upon
the part of the devised premises conveyed by such a
deed. We shall now consider this contention. There
is a direct conflict among the English authorities upon
the question. It has been held that a void conveyance
of property operates to revoke a prior will devising it.
Hicks v. Mors. Ambl. (Eng.) 215, 27 Eng. Rep. 143;
Lincoln's Case, 1 Eq. Cas. Abr. (Eng.) 411, Par. xl,
21 Eng. Rep. 1140; Shove v. Pincke, 5 T. R. (Eng.)
124, 101 Eng. Rep. 72; Simpson v. Walker, 5 Sim.
(Eng) 1, 58 Eng. Rep. 238. As opposing these cases
and declaring the contrary doctrine, see Hawes v.
Wyatt, 3 Bro. C. C. (Eng.) 156, 29 Eng. Rep. 463;
Eilbeck v. Wood, 1 Russ. (Eng.) 564, 38 Eng. Rep.
217; Mathews v. Venable et al., 2 Bing. 136, 130 Eng.
Rep. 257.

[**9**] There seems to be no contrariety of opinion
among the courts of this country, as they agree that
a deed, which is secured, and whose existence is
brought about, in the manner found to have been exer-
cised here, cannot operate to adeem the property from
the provisions of the will and thereafter conveyed by
the deed, and that it is insufficient to serve as a re-
vocation of the will—either wholly or pro tanto, as
the case may be. This is clearly seen to be the cor-
rect rule, when we keep in mind what we have pre-
viously said herein, that the reason for ademption or
revocation is that after the conveyance there is no
property or estate left upon which the will can oper-
ate, nor title to any estate which can be passed by it.
Such would not be the situation where the conveyance
is void because secured by undue and improper influ-
ence, or by overreaching the grantor's will. Such a

deed does not pass title to the property. It is a nullity, and the real title still remains in the testator in the will, because no valid conveyance has been executed by him which passed such title to another, although the ostensible or record title has passed. This has been the uniform holding by the several courts having occasion to pass upon the question, and the rule seems sound and meets with our approval. In 28 R. C. L. Wills, § 151, p. 193, supra, this is said:

"But it has been held that a conveyance set aside as having been obtained from the grantor by undue influence cannot operate as an implied revocation of his will."

In 1 Schouler's Will, § 652, p .749, the author says:

"A void deed will not operate to revoke a valid will, and a deed not testamentary in character may, not amount to an attemped revocation."

And at 40 Cyc. 1208, this language is used:

"And both at common law and under modern statutes, a contract or conveyance, executed by one who is mentally incapacitated, or under disability, or which is founded upon an illegal consideration, or adjudged void for fraud or undue influence is ineffectual as a revocation."

To the same effect, see Smithwick et al. v. Jordan, 15 Mass. 113; Graham v. Burch, 47 Minn. 171, 49 N. W. 697, 28 Am. St. Rep. 339; Yott et al. v. Yott et al., 265 Ill. 364, 106 N. E. 959; Caine et al. v. Barnwell, 120 Miss. 209, 82 South. 65. In Smithwick et al. v. Jordan, supra, the Massachusetts court said:

"The testatrix was not disseised at the time of making her will, nor at the time of her death. For, although she had signed and sealed instruments, purporting to convey her title to the tenant, yet those instruments never operated to pass the estate; and it does not appear that any possession was taken under them until after her decease. The deeds read in evidence cannot operate as a revocation of the will; because, by the verdict of the jury, it is established that the testatrix never, in a legal sense, made such deeds—her extreme old age and imbecility having been taken advantage of, by the pretended grantee, to procure them."

Again, in Graham v. Burch, wherein the case of

Smithwick v. Jordan was expressly followed, the Supreme Court of Minnesota thus expressed its views upon this question:

"Under the clause saving revocations, 'Implied by law from subsequent changes in the condition or circumstances of the testator,' it is.claimed that the conveyance to Mrs. Burch above referred to, and which was set aside by the court on the ground of undue influence, must be construed as an implied revocation of the will in question. Of course, a sale of the estate devised must operate as a revocation, for the will cannot thereafter take effect on it; and it is admitted that, if the deed had been valid and effectual to convey the premises, it would have worked a revocation; but the respondent insists that the rule is not applicable to a deed adjudged invalid, and not the deed of the grantor, for fraud or undue influence. If, in opposition to the allowance of a will in probate proceedings, a revocation in writing, executed in due form by the testator, had been produced, clearly the proponent would not be concluded from showing that it was not the voluntary act of the testator, but that it was procured by fraudulent devices and undue influence. O'Neall v. Farr, 1 Rich. (Law), 80. But we can see no distinction in this respect between such an instrument and a deed which is claimed to work a revocation by implication, if the deed was not the act of the testator, and the existence of the deed is due to fraud and undue influence, especially where, as in this instance, the fact is already adjudicated that the instrument, though in form the testator's deed, is no deed. 'Whoever orders it to be delivered up declares it to be no deed,' says the chancellor in Hawes v. Wyatt, 3 Brown, Ch. 156. The general rule is that no.revocation can be good which is procured by fraud, or where the testator was unduly influenced to make it. Schouler, Wills, § 184."

And in Yott et al. v. Yott et al., the Supreme Court of Illinois followed both of the cases just referred to, and there well and tersely said:

"A conveyance by a testator of lands which he has specifically devised by his will revokes the will as to the lands conveyed. Phillippe v. Clevenger, 239 Ill. The reason is that the act of the testator subsequent to its execution shows an intention inconsistent with the will. Such an act must be the result of a sound mind and a free will. A deed procured by fraud or undue influence or executed by one who is mentally incapacitated does not show such an intention and cannot operate as a revocation of a will. Smithwick v. Jordan, 15 Mass. 113; Graham v. Burch, 47 Minn. 171."

From all of what has been said, it appears that the

trial court erred in concluding that the deed in ques-
tion, which he found was secured by the exercise of
undue and improper influence, served to adeem the
premises therein conveyed and operated as a total
revocation of the will. The validity of the will was
not affected by the deed, its execution having been
thus obtained. It naturally and necessarily follows
that the duty of the court ended with the cancella-
tion of the deed and its decree should have gone no
further, unless it be to restrain a sale of any of the
premises until the validity of the will is determined.
Just what has been done towards probating the will
does not clearly appear in the record, but that is not
material. Its existence was fully admitted by all
parties in their pleadings filed, and the court specif-
ically found that it was executed and published.
What has been done in probating it is not material.
But when its existence was admitted the trial court
should not have disregarded its effect as he did.

6. The last contention made by the appellants is
that the court erred in deciding the cause upon a dif-
ferent theory from that contended for by either party.
It is said that the plaintiffs below proceeded upon
the theory that the deed and will were secured by
fraud and the exercise of undue and improper in-
fluence and that they should be canceled, and the
plaintiff's (Charles Leibalt Brown's) title to an un-
divided one-half interest in the land quieted and set
at rest, and that they so prayed, while the theory of
the appellants was that the instruments were valid, and
that her (Louise B. Heller's) title to the whole was
therefore good, and that the trial court declined to
follow either theory, but concluded, as we have pro-
viously said, that the deed adeemed or impliedly re-
voked the will; that the deed was void because obtain-
ed by improper and undue influence; that a trust
should be impressed upon the one-half interest in said
lands belonging to the appellee Charles Leibalt Brown,
and the appellant Louise B. Heller deemed to hold the
same as trustee. The contention is without merit.
The facts which appellees contended surrounded the
execution of the will and the deed were fully pleaded,

and the court found them to be true, but granted relief different from that prayed for. The appellees prayed that the instruments be canceled and title of Charles Leibalt Brown to one-half interest in the lands quieted. Instead of granting this relief, the court concluded to grant the relief hereinbefore stated. The prayer is no part of the pleading, and cannot be used as a test to determine the nature or the cause of action stated or the relief to be granted. Morgan v. Doughton, 24 N. M. 274, 171 Pac. 503; Beals v. Ares, 25 N. M. 459, 185 Pac. 780; Board of Education v. O'Bannon, 26 N. M. 606, 195 Pac. 801. Appellants strenously argue that the cause should have been tried and disposed of upon some definite theory, known to and understood by the parties at the time of the trial. The essential facts to support the relief granted by the trial court were fully and explicitly pleaded in the complaint, and the issues of fact were clearly tendered and thoroughly tried; they being whether or not the deed was executed pursuant to the exercise of improper and undue influence. When the court found that these facts existed, the relief to be granted was a matter of applying the law thereto, and upon this, the appellants cannot say that they were in any wise injured, so long as the relief granted was in accordance with that authorized by law.

That part of the decree entered on October 13, 1920, which declares and adjudges the deed in question to be defective and invalid because obtained as hereinbefore stated, will be affirmed; all other parts of that decree and the entire judgment rendered on June 26. 1922, will be reversed, and the cause remanded, with directions to the lower court to proceed in accordance herewith, and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.